■ In the Matter of the Adoption of Joseph, an Infant. Michael A. et al., Appellants; Monroe County Department of Social Services, Respondent. (Appeal No. 1.) [730 NYS2d 822] —Order unanimously affirmed without costs. Memorandum: Petitioners are the former foster parents of Joseph, a child who is presently in the care and custody of respondent. Joseph was placed in petitioners' foster home in September 1998, shortly after his birth. Respondent thereafter removed Joseph and the other foster children who had been placed in petitioners' home based upon an allegation that petitioner Michael A. had sexually abused a female foster child placed there. The requests of petitioners to visit Joseph were denied by respondent, and petitioners filed a petition seeking visitation with Joseph. Family Court denied that petition on the ground that petitioners lack standing to seek visitation with a former foster child (appeal No. 2). In addition, petitioners had filed a petition seeking to adopt Joseph, which was pending when Joseph was removed from their home. Although petitioners filed a notice of appeal with respect to the order dismissing the adoption petition, they have abandoned their appeal from that order by failing to address it in their brief (appeal No. 1) (see, Ciesinski v Town of Aurora, 202 AD2d 984).

Family Court properly determined that petitioners lacked standing to seek visitation with Joseph (see, Matter of Bessette v Saratoga County Commr. of Social Servs., 209 AD2d 838, 839). Although foster parents have certain rights with respect to a child who has resided with them for a period of 12 months or more (see, Social Services Law § 383 [3]), "there is no statute [that] expressly gives former foster parents the right to maintain a proceeding for visitation" (Matter of Bessette v Saratoga Commr. of Social Servs., supra, at 839; cf., Domestic Relations Law §§ 70-72; Family Ct Act § 1081). Contrary to the contention of petitioners, "the standing issue must be resolved in petitioners' favor before the issue of the best interests of the child[ ] can be considered" (Matter of Bessette v Saratoga Commr. of Social Servs., supra, at 839; cf., Matter of Emanuel

*S. v Joseph E.*, 78 NY2d 178, 183). (Appeal from Order of Monroe County Family Court, Miller, J.—Adoption.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.