OPINION OF THE COURT
Dennis F. Bender, J.
The Law Guardian in this matter has moved to dismiss the petition in the interest of justice. The petition alleges that the respondent left home without her parents’ permission to reside with a boyfriend, and refuses to return. The respondent will be 18 years of age on December 11, 2002, and thus, will soon be effectively beyond the jurisdiction of this court.
In addition to pointing out the respondent’s nearness to her 18th birthday, the Law Guardian, without specifically saying so, affirms in the moving papers that the respondent is *239 emancipated. She has, it is alleged, been “living independently for over a year * * * is currently 17 years of age * * * been living beyond the Petitioner’s care, custody and control for over a year * * * is gainfully employed, provides for her own welfare, and receives little if any monetary support from the Petitioner.”
In response, the County Attorney submitted an answering affirmation which does not deny the allegations, but rather, raises some vague exceptions. Specifically it alleges
“a. The petitioner has provided respondent with medical assistance on occasion since the respondent left the home;
“b. The respondent returned home to reside for a brief period of time in the spring of 2002;
“c. The petitioner has given the respondent toiletries and similar items on occasion since the respondent first removed herself from the home.”
No further detail was offered.
Both attorneys also addressed the question of the need for “supervision or treatment.” The Law Guardian argues a lack of a need for either is clear, and the County Attorney says that is not so. Whether or not treatment or supervision is required is to be addressed by the court, but only at the dispositional stage. (Family Ct Act § 712 [f].) It is, thus, a premature issue.
The initial problem this court perceives with the motion is a lack of authorization for the court to grant the relief requested, even if it determined the application was facially meritorious. The only section in article 7 of the Family Court Act which allows for dismissal in the interest of justice is section 751. That section provides the court may, in its discretion, dismiss the PINS petition in one type of situation: “If * * * the probation service has exhausted its efforts to successfully adjust [the] case as a result of the petition’s [sic] failure to provide reasonable assistance to the probation service.” (Family Ct Act § 751.) No other circumstances are set forth which would warrant this type of relief.
This court is aware that at least one other court has viewed the matter differently. In Matter of Ruffel P. (153 Misc 2d 702, 704 [1992]), the court found the authority to be an “inherent” power and also “implied” because a motion to dismiss in the interest of justice is statutorily prescribed in juvenile delinquency cases. (Family Ct Act § 315.2.) I do not agree. No authority was set forth for these conclusions, and with due re *240 spect to the Ruffel court, so concluding smacks of “judicial legislation.”
This court could view the motion as one for summary judgment pursuant to CPLR 3211 (c). In this regard however, the court notes the papers are inadequate to support the motion. While there is no affidavit from the petitioner raising a triable question of fact, there is likewise no affidavit from the movant. While not so stated, it is clear that the Law Guardian’s allegations regarding the respondent’s status are upon information and belief and thus are insufficient. (CPLR 3212 [b]; South Bay Ctr. v Butler Herrick & Marshall, 43 Misc 2d 269 [1964].)
To comment briefly on the issue of emancipation which was addressed by the County Attorney, such is defined by case law in New York State. Simply put, it results from “ ‘the renunciation of legal duties by a parent and the surrender of parental rights to a child’ (Gittleman v Gittleman, 81 AD2d 632, 633)” (Zuckerman v Zuckerman, 154 AD2d 666, 668 [2d Dept 1989]). This “may be effectuated by the express consent of the parent, or * * * may be implied from the surrounding circumstances that indicate satisfactorily the intention to emancipate the child (Crosby v Crosby, 230 App Div 651).” (Id.) If proven, it would seem a defense to the petition in this matter. It is difficult to perceive how one lawfully on one’s own is beyond the lawful control of her parents.
Based upon the foregoing, the motion is denied.
There being no indication of a desire by the petitioner to withdraw the petition, the court feels, considering the conceded facts, even if the respondent was not found to be emancipated, and thus was beyond the lawful control of her parents, it would seem likely that the respondent to be in need of supervision or treatment at disposition will be difficult. Such a determination will of course be made only after hearing all presentations made at disposition, if the matter proceeds that far.