In the Matter of JOHN W. JENKS, Appellant, v ROBERTA A. VALENTINE, Respondent. [796 NYS2d 825]—Appeal from an order of the Family Court, Onondaga County (David G. Klim, J.), entered November 21, 2003 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, dismissed the petition in the interests of justice.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by reinstating that part of the petition alleging civil and criminal contempt and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Onondaga County, for a hearing.

Memorandum: Petitioner father contends that Family Court erred in dismissing, in the interests of justice, his petition seeking, inter alia, civil and criminal contempt sanctions against respondent mother. Specifically, petitioner contends that there are issues of fact warranting a hearing. Petitioner does not contend that the court lacked authority to dismiss the petition in the interests of justice, so we do not address the court's authority to do so (*see Sega v State of New York*, 60 NY2d 183, 190 [1983]; *cf. Matter of Property Clerk of N.Y. City Police Dept. v Ferris*, 77 NY2d 428, 430 [1991]; *Matter of Kerri H.*, 193 Misc 2d 238, 239-240 [2002]; *Matter of Ruffel P.*, 153 Misc 2d 702 [1992]). Because petitioner raises no issues concerning the court's dismissal of that part of the petition seeking visitation, we deem abandoned any appeal from that part of the order (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

We agree with petitioner, however, that there are issues of fact whether respondent disobeyed a lawful mandate of the court (*see* Judiciary Law § 753 [A] [1]; *see generally Labanowski v Labanowski*, 4 AD3d 690, 694 [2004]) and, if so, whether she did so willfully (*see* Judiciary Law § 750 [A] [3]).

We therefore modify the order by reinstating that part of the petition alleging civil and criminal contempt, and we remit the

matter to Family Court for a hearing on those issues (*see Bowie v Bowie*, 182 AD2d 1049, 1050 [1992]; *cf. Matter of Palacz v Palacz*, 249 AD2d 930 [1998], *lv dismissed* 92 NY2d 920 [1998]). Present—Hurlbutt, J.P., Scudder, Martoche, Pine and Lawton, JJ.