■ In the Matter of DAWN R. FRANCISCO WALTERS, Appellant, v REX R. FRANCISCO, Respondent. [881 NYS2d 253]—

Appeal from an order of the Family Court, Allegany County (Lynn L. Hartley, J.H.O.), entered December 19, 2007 in a proceeding pursuant to Family Court Act article 6. The order granted respondent's motion and dismissed the amended petition seeking, inter alia, to modify a prior order of custody and visitation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother appeals from an order granting the motion of respondent father to dismiss the amended petition seeking, inter alia, to modify a prior order of custody and visitation. We note at the outset that, in contending that Family Court erred in determining that she failed to establish a change in circumstances sufficient to warrant modification of the prior order, the mother relies solely upon the father's alleged interference with her telephone contact with the child. The mother has not raised any issues with respect to the remaining instances of changed circumstances alleged in the amended petition and thus is deemed to have abandoned any such issues (*see Matter of Jenks v Valentine*, 19 AD3d 1158 [2005]; *Matter of Joseph*, 286 AD2d 995 [2001]; *Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Where, as here, "a respondent moves to dismiss a modification proceeding at the conclusion of the petitioner's proof, the court must accept as true the petitioner's proof and afford the petitioner every favorable inference that reasonably could be drawn therefrom" (*Matter of Le Blanc v Morrison*, 288 AD2d 768, 770 [2001]; *see* CPLR 4401; Family Ct Act § 165 [a]). We conclude that the court properly determined that the mother failed to establish a change in circumstances sufficient to warrant modification of the prior order (*cf. Le Blanc*, 288 AD2d at 770; *Matter of Markey v Bederian*, 274 AD2d 816, 817-818 [2000]).

Contrary to the further contention of the mother, the court did not abuse its discretion in refusing to conduct a *Lincoln* hearing. In determining whether such a hearing is warranted, the court must determine whether the in camera testimony of the child "will on the whole benefit the child by obtaining for the Judge significant pieces of information he [or she] needs to make the soundest possible decision" (*Matter of Lincoln v Lincoln*, 24 NY2d 270, 272 [1969]) and, here, the court properly determined that a *Lincoln* hearing was not warranted (*see Matter of Charles M.O. v Heather S.O.*, 52 AD3d 1279 [2008]). Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.