# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**392**
**CAF 10-02394**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF MARIA F. AND EDUARDO F.
------------------------------------------------
ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JAMES F., RESPONDENT-APPELLANT.

---

PAUL M. DEEP, UTICA, FOR RESPONDENT-APPELLANT.

JOHN A. HERBOWY, COUNTY ATTORNEY, UTICA (DEANA D. PREVITE OF COUNSEL), FOR PETITIONER-RESPONDENT.

JOHN S. WILK, ATTORNEY FOR THE CHILDREN, UTICA, FOR MARIA F. AND EDUARDO F.

---

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered October 25, 2010 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petitions of respondent for, inter alia, increased visitation with the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order granting the motion of the Attorney for the Children for summary judgment dismissing the father's petitions seeking, inter alia, increased visitation with the children. We conclude that Family Court properly granted the motion. Contrary to the contention of the father, "once [his] parental rights were terminated following an adversarial proceeding in which [he] was found to have permanently neglected [his] children . . ., [he] no longer had . . . standing to commence a legal proceeding seeking [increased visitation]" (*Matter of Carrie B. v Josephine B.*, 81 AD3d 1009, 1009, *lv dismissed* 17 NY3d 773; *see also Matter of Saafir A.M.*, 28 AD3d 1217, 1218). Contrary to the further contention of the father and the contention of the Attorney for the Children, the matter should not be remitted for a dispositional hearing because " 'the standing issue must be resolved in [the father's] favor before the issue of the best interests of the [children] can be considered' " (*Matter of Joseph*, 286 AD2d 995, 995).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court