# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**282**

**CAF 11-02203**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF LAWRENCE C. NELSON,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARIE L. MORALES, RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR RESPONDENT-APPELLANT.

LAW OFFICE OF MARK A. YOUNG, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered August 31, 2011 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner primary physical custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to article 6 of the Family Court Act, respondent mother appeals from an order modifying a prior custody order by awarding primary physical custody of the parties' teenage child to petitioner father. The prior order, issued in 1999 when the child was almost two years old, awarded primary physical custody to the mother. In 2007, the father moved to modify the 1999 order but his petition was dismissed following a hearing, Family Court having determined that he failed to prove a sufficient change of circumstances to warrant modification. The father commenced this modification proceeding in July 2010, but this time the court granted his petition, determining that the father had established a change of circumstances since the prior order and that it was in the best interests of the child to reside primarily with the father. The mother contends on appeal that the court erred in considering her pre-2007 changes in residence in determining that there had been a change in circumstances inasmuch as those changes were considered in the prior custody hearing and thus are barred by res judicata from consideration herein. We reject that contention. "It is well settled that '[a] party seeking a change in an established custody arrangement must show a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child' " (*Matter of Moore v Moore*, 78 AD3d 1630, 1630, *lv denied* 16 NY3d 704; *see Matter of Crudele v Wells* [appeal No. 2], 99 AD3d 1227,

1228; *Matter of Maher v Maher*, 1 AD3d 987, 988).

Here, the court properly considered the mother's pre-2007 changes in residence as background information, in determining the significance of the mother's post-2007 change in residence (*see generally Matter of Tarrant v Ostrowski*, 96 AD3d 1580, 1581, *lv denied* 20 NY3d 855; *Matter of Gardner v Gardner*, 69 AD3d 1243, 1244-1245). In any event, even assuming, arguendo, that the court erred in considering her pre-2007 changes in residence, we conclude that the other evidence, including the child's statements at the *Lincoln* hearing, was sufficient to establish a change in circumstances.

Entered: March 22, 2013                    Frances E. Cafarell
                                           Clerk of the Court