Stein, J.P.
Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered June 18, 2012, which, *1208 among other things, dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of a daughter (born in 2001). Their May 2009 judgment of divorce, which incorporated but did not merge the parties’ separation agreement, awarded the parties joint legal custody, with primary physical custody to the mother and specified parenting time to the father that included, among other things, alternate weekends and overnight on Wednesdays.
In February 2010, due to disagreements between the parties regarding vacation schedules, they each filed a modification petition in Family Court. As a result, in April 2010, Family Court (Abramson, J.) issued a consent order which, among other things, directed the parties to be flexible in exercising parenting time. Notwithstanding that order, the parties continued to have difficulties surrounding the father’s parenting time and, in particular, the Wednesday overnights and the “right of first refusal” provision[1] contained in the separation agreement. Consequently, the mother filed another petition — which was subsequently amended — seeking to modify the father’s parenting time. Specifically, the mother requested the court to, among other things, change the Wednesday visits from an overnight to a dinner visit and eliminate the right of first refusal. For his part, the father filed a violation petition alleging that the mother had refused to comply with the parenting schedule and the right of first refusal.
After a trial, Family Court (Jensen, J.) found that the mother had failed to establish a sufficient change in circumstances since the April 2010 order and dismissed her amended modification petition. In regard to the father’s petition, the court found that the mother had willfully violated the terms of the judgment of divorce with respect to the father’s parenting time and the right of first refusal and ordered, among other things, make-up parenting time to the father during the 2012 Thanksgiving and Christmas recesses and during the summer of 2012.[2] The court *1209 also fined the mother $1,000 for her “egregious conduct” and issued a directive that the child not be permitted to have her cell phone while she was with the father. The mother now appeals.
The threshold determination in an application to modify an existing visitation order is whether there has been a sufficient change in circumstances reflecting a real need for change to insure the continued best interests of the child (see Nolan v Nolan, 104 AD3d 1102, 1103 [2013]; Matter of Brown v Erbstoesser, 85 AD3d 1497, 1499 [2011]; Matter of Bond v MacLeod, 83 AD3d 1304, 1305 [2011]). Although a child’s wishes can support the finding of a change in circumstances, they are but one factor and are not determinative (see Matter of Casarotti v Casarotti, 107 AD3d 1336, 1336 [2013]; Matter of Brown v Erbstoesser, 85 AD3d at 1499; compare Matter of Bond v Bond, 93 AD3d 1100, 1101 [2012]). Here, the mother’s primary argument in support of her petition is that the child prefers to spend less time with the father. In that regard, the mother and the attorney for the child argue that Family Court erred by failing to conduct a Lincoln hearing with the child. While the decision whether to conduct such a hearing lies within the court’s discretion (see Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [2013]; Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1092 [2011]; Matter of Walker v Tollman, 256 AD2d 1021, 1022 [1998], lv denied 93 NY2d 804 [1999]), it is often the preferable course (see Matter of Jessica B. v Robert B., 104 AD3d at 1078). In this case, the court originally indicated that it intended to speak with the child and later reiterated this position. While we can assume that the court ultimately decided that an interview with the child was not warranted or appropriate, the record is bereft of any articulation or explanation for such decision.
Additionally, we cannot ascertain from the record whether Family Court failed to consider the child’s wishes with respect to spending time with her father or whether it considered the child’s wishes, but rejected them as a basis for a modification. While Family Court stated in regard to the violation petition that the child’s wishes did not excuse the mother from complying with the existing orders, it is not clear to what extent, if any, this conclusion played in the court’s determination regarding the modification petition. To be sure, the wishes of this 12-year-old child were “at minimum, entitled to consideration” (Matter of Rivera v LaSalle, 84 AD3d 1436, 1439 [2011] [internal quotation marks and citation omitted]), and the record does not reflect whether such consideration was given to the child’s wishes. As a result, and because we conclude that a Lincoln *1210 hearing is called for under the circumstances here (see Matter of Flood v Flood, 63 AD3d 1197, 1199 [2009]), we must remit the modification petition to Family Court.[3]
We discern no error in Family Court’s finding that the mother willfully violated the visitation provisions of the divorce judgment. “ ‘To sustain a civil contempt finding based upon the violation of a court order, it must be established that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party. The violation must be established by clear and convincing evidence’ ” (Matter of Joseph YY. v Terri YY., 75 AD3d 863, 867 [2010], quoting Matter of Aurelia v Aurelia, 56 AD3d 963, 964 [2008]; accord Matter of Constantine v Hopkins, 101 AD3d 1190, 1191 [2012]).
Here, it is undeniable that the mother prevented the father from exercising his parenting time with the child on numerous occasions (see Matter of Keefe v Adam, 85 AD3d 1225, 1227 [2011]). For example, the mother admitted that she unilaterally decided that the child would stay with her for various holidays that fell within the father’s parenting time, such as the 2010 Thanksgiving holiday and several days during the 2010 Christmas break. She also admitted that she violated the visitation order by picking up the child from school during the father’s parenting time and preventing the father from exercising his Wednesday overnight visitation on a number of occasions. During the summer of 2011, the mother violated the right of first refusal provision by rejecting the father’s offer to care for the child while she was at work and needed childcare.[4] There is no question that the mother was aware of her obligations under the judgment of divorce and, despite that knowledge, interfered with the father’s parenting time. Notwithstanding the mother’s excuses and explanations, based upon the trial testimony and giving deference to Family Court’s determination that the mother was not credible (see Matter of Holland v Holland, 80 AD3d 807, 808 [2011]), we are satisfied that the mother’s willful violation of the visitation order was established by clear and convincing evidence (see id. at 808; Matter of Joseph YY. v Terri YY., 75 AD3d at 867).
*1211 Although we generally defer to Family Court’s determination of the appropriate sanction for a willful violation (see Matter of Sherman v Cook, 90 AD3d 1170, 1171 [2011]), we find the $1,000 fine imposed on the mother to be an improvident exercise of discretion under the circumstances here. Considering that the father clearly and unequivocally stated that he was requesting a monetary sanction only as an alternative to make-up parenting time, and that the court awarded the father substantial make-up time that sufficiently addressed the mother’s conduct, we conclude that no fine should have been imposed. Inasmuch as the father’s violation petition did not include a request that the child be prohibited from possessing a cell phone during his parenting time, we similarly conclude that Family Court should not have made such a direction (see Matter of Alexander v Alexander, 62 AD3d 866, 867 [2009]).
The mother’s remaining claims do not require extended discussion. With respect to the mother’s contention that Family Court exhibited bias in favor of the father — who appeared pro se — by, among other things, interjecting itself into the mother’s presentation of her case, we note that “[c]ourts are obligated to ‘keep the respective parties focused upon a succinct presentation of evidence relevant to the issues to be decided [and to] . . . insure an orderly and expeditious trial’ ” (London v London, 21 AD3d 602, 602 [2005], quoting Douglas v Douglas, 281 AD2d 709, 710-711 [2001]; accord Matter of Bush v Bush, 74 AD3d 1448, 1449 [2010], lv denied 15 NY3d 711 [2010]). While we agree with the mother that Family Court played an extensive role in the questioning of the witnesses, upon our careful review of the record, we are not persuaded that the court exhibited a bias against the mother so as to deprive her of a fair trial. To the extent not specifically addressed herein, the mother’s remaining contentions have been considered and found to be without merit.
McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) dismissed the amended modification petition, (2) imposed a fine in the amount of $1,000 against petitioner, and (3) directed removal of the child’s cell phone before respondent’s parenting time; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. According to this provision, the parties are required to “provide alternative accommodations for the child in the event that they are unable to care for the child during the time that they are to have her. They shall however first offer to the other party the right to watch the child during those specified time periods if such time period is greater than [four] hours.”

. For the summer of 2012, Family Court directed that the father have parenting time each week from Sunday evening through Friday evening, and that the mother have parenting time each weekend.

. Nonetheless, we agree with Family Court that none of the additional factors cited by the mother otherwise establishes a sufficient change in circumstances that reflects a real need for modification of the visitation order.

. The father is a school teacher and was available to care for the child while the mother worked. However, the mother hired a child-care provider and then, inexplicably, expected the father to share in the cost thereof.