# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1055

CAF 13-01255

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF SONYA GELSTER,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

TERRY BURNS, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

DENIS A. KITCHEN, WILLIAMSVILLE, FOR PETITIONER-APPELLANT.

DOMINIC PAUL CANDINO, BUFFALO (JASON C. HENSKEE OF COUNSEL), FOR RESPONDENT-RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered June 21, 2013 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition of Sonya Gelster for modification of an order of custody and visitation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, Sonya Gelster, the petitioner in appeal No. 1 and the respondent in appeal No. 2 (hereafter, mother), appeals from an order granting the motion of Terry Burns, the respondent in appeal No. 1 and the petitioner in appeal No. 2 (hereafter, father), to dismiss her petition at the close of her proof. In her petition, the mother sought to modify a prior consent order, pursuant to which the parties had joint custody of the parties' son and the father had primary physical placement of him, by granting sole custody of the parties' son to her. In appeal No. 2, the mother appeals from an order granting the father's petition seeking to modify the prior consent order by granting sole custody to him.

We agree with the mother in appeal No. 1 that Family Court erred in dismissing the petition at that juncture of the proceeding. "Where, as here, 'a respondent moves to dismiss a modification proceeding at the conclusion of the petitioner's proof, the court must accept as true the petitioner's proof and afford the petitioner every favorable inference that could be reasonably drawn therefrom' " (*Matter of Walters v Francisco*, 63 AD3d 1610, 1611). Accepting the mother's proof as true, we conclude that she established that she successfully completed a substance abuse program and thus, in

accordance with a provision in the prior consent order, she satisfied the requisite significant change of circumstances to permit the court to consider whether a change of custody is in the best interests of the child (*see generally Matter of Moore v Moore*, 78 AD3d 1630, 1630-1631, *lv denied* 16 NY3d 704).  Further, the mother and the child's maternal grandmother testified with respect to, inter alia, the marked change in the child's demeanor and behavior since residing with the father, and the mother presented evidence of a significant bruise on the child's back, which she believed was inconsistent with the child's explanation for the bruise.  We therefore conclude that the court erred in failing to " 'afford the [mother] every favorable inference that could be reasonably drawn' " from the evidence presented by her (*Walters*, 63 AD3d at 1611).

Although the court erred in granting the father's motion to dismiss at the close of the mother's proof, here, the father presented evidence, on his petition, that refuted the mother's evidence, and the mother had an opportunity to cross-examine the father's witnesses (*cf. Matter of David WW. v Laureen QQ.*, 42 AD3d 685, 686).  " 'Our authority in determinations of custody is as broad as that of Family Court' " (*Matter of Howell v Lovell*, 103 AD3d 1229, 1231) and, based upon our review of the entire record, we conclude that the mother failed to establish that it was in the best interests of the child to award sole custody to her (*see generally Matter of Brandyn P.*, 278 AD2d 533, 535).  The father presented evidence that the mother had made numerous unfounded reports of alleged physical abuse of the child both to Child Protective Services and to the police.  The father also presented evidence from a neighbor, who is a mandated reporter and who had a close relationship with the child, regarding the child's demeanor and behavior while living at the father's house.  We therefore affirm the order denying the mother's petition in appeal No. 1.

We likewise affirm the order in appeal No. 2.  The father testified that the parties are unable to communicate without acrimony, and that they communicate only through the maternal grandmother, or by letters carried by the child, or by counsel.  The father's evidence mirrored the mother's evidence in that respect.  Thus, the record supports the court's determination in appeal No. 2 that the acrimonious relationship of the parties warranted a change from joint custody to sole custody and that the best interests of the child would be served by awarding sole custody to the father (*see Matter of Leonard v Leonard*, 109 AD3d 126, 128; *Matter of Dube v Dube*, 259 AD2d 1041, 1041).  We have reviewed the mother's remaining contention in appeal No. 2 and conclude that it is without merit.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court