OPINION OF THE COURT
Timothy J. Lawliss, J.
On October 7, 2015, the assistant principal of the Saranac Central School District filed a petition against Harley B. alleging that Harley B. was a person in need of supervision based upon her failure to attend school in accordance with the provisions of part I of article 65 of title IV of the Education Law during the 2012-2013 academic school year, 2013-2014 academic school year and 2014-2015 academic school year. The court conducted a fact-finding hearing with respect to the petition on December 8, 2015.
Based upon the verified answer filed by respondent dated November 12, 2015 and the evidence submitted at the fact-finding hearing, the court makes the following findings of fact which are substantially undisputed. Harley is a female, who at the time that the petition was filed, was 14 years old. During the 2012-2013 academic school year, Harley failed to attend school without an excuse approximately 60 times. During the 2013-2014 academic school year, Harley failed to attend school without an excuse approximately 15 times. During the 2014-2015 academic school year, Harley failed to attend school without an excuse over 20 times. There was no evidence offered during this hearing that Harley was in any way unable to attend school on any day she failed to attend without an excuse. Thus, the court concludes that Harley was habitually truant and intentionally failed to attend school as required by part I of article 65 of title IV the Education Law during those three academic school years.
The Saranac Central School District took numerous steps in an effort to improve Harley’s attendance prior to the filing of the instant petition. The school district repeatedly counseled Harley regarding the necessity for attendance; telephoned Harley’s parents on multiple occasions; mailed correspondence and notices to Harley’s parents on multiple occasions; con *830 ducted conferences at the school with Harley and her parents; made a referral to Preventive Services for Adolescents and Families; provided home schooling for Harley; provided school counseling for Harley; referred Harley to Behavioral Health Services North for counseling; referred Harley to Peer Mentoring Academic Intervention Services and Homework Lab; referred Harley to the PINS Diversion program; enrolled Harley in a “Check-In/Check-Out” program offered by the school district itself; and filed a report with the New York Statewide Central Register alleging educational neglect.
It is undisputed that the Saranac Central School District received notification from the Clinton County Department of Social Services dated June 23, 2015 advising the school district that adjustment attempts with respect to Harley were terminated on May 21, 2015 and granting the district permission to file a petition under article 7 of the Family Court Act. On June 23, 2015, the school district also received a report from the Clinton County Department of Social Services detailing the efforts the Department made to divert the case from Family Court.
Notwithstanding the above, the Attorney for the Child contends that the petition must be dismissed because petitioner failed to establish during the fact-finding hearing that Harley currently needs supervision or treatment. In support of this position, the Attorney for the Child admitted evidence (without objection) that establishes that from the start of the 2015-2016 academic school year until the date that the petition was filed (Oct. 7, 2015), Harley attended school every day school was scheduled. In support of her position, the Attorney for the Child relies upon Family Court Act § 732 (a) (iii) and Matter of Benjamin A. (33 Misc 3d 1232[A], 2011 NY Slip Op 52217[U] [Fam Ct, Oswego County 2011].) The court finds the Attorney for the Child’s arguments unpersuasive for the following reasons.
Reliance upon Family Court Act § 732 (a) (iii) is misplaced. Family Court Act § 732 (a) specifies what must be alleged in a petition filed under article 7, it does not define what must be proved during the fact-finding hearing. Family Court Act § 712 (e) defines a fact-finding hearing as “[a] hearing to determine whether the respondent did the acts alleged to show that he violated a law.” The law allegedly violated in the instant case is part I of article 65 of title IV of the Education Law. {See Family Ct Act § 712 [a].) After reaching the conclusion that Harley *831 failed to attend school in accordance with the Education Law, the court’s obligation with respect to fact-finding is concluded.
After reaching that conclusion, the court is obligated to schedule and conduct a dispositional hearing to determine, among other things, whether the respondent requires supervision or treatment. (See Family Ct Act § 712 [f].) If at the time of the dispositional hearing the petitioner fails to prove that Harley requires supervision or treatment, the court must dismiss the petition; however, the Attorney for the Child’s demand that the petition be dismissed at the conclusion of fact-finding for failure of such proof is premature. (See Matter of Kerri H., 193 Misc 2d 238 [Fam Ct, Seneca County 2002].)
In dictum, the court in Benjamin A. did state that the question of the respondent’s need for supervision or treatment was properly addressed at the time of the fact-finding hearing. In reaching this conclusion the court relied upon Family Court Act §§ 732 and 751. (Matter of Benjamin A., 33 Misc 3d 1232[A], 2011 NY Slip Op 52217 [U], *4 n 2 [Fam Ct, Oswego County 2011].) This court respectfully disagrees. In this court’s opinion, Family Court Act § 752 speaks merely of what should be done when the allegations of a petition are established to be true. Like Family Court Act § 732, Family Court Act § 752 does not specify the timing of when the issues presented must be addressed.
Now, therefore, upon the findings made above, it is hereby adjudged, that the above-named respondent did not attend school in accordance with article 65 of title IV of the Education Law; and it is further ordered, that this matter is scheduled for a dispositional hearing.