# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**227**
**CAF 14-02001**
PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF YVETTE NOBLE, PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

LEON C. BROWN, SR., RESPONDENT-RESPONDENT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR PETITIONER-APPELLANT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILD, MANLIUS.

---

Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered October 17, 2014 in a proceeding pursuant to Family Court Act article 6. The order dismissed the amended petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the amended petition is reinstated, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Petitioner mother commenced this proceeding seeking to modify a prior order pursuant to which respondent father had sole legal and primary physical custody of the parties' daughter, who was born in August 2000. Family Court granted the father's motion to dismiss the proceeding at the close of the mother's case on the ground that the mother failed to establish a sufficient change in circumstances to warrant an inquiry into the best interests of the child. The mother appeals.

We conclude that the court abused its discretion in denying the mother's request that it conduct a *Lincoln* hearing before ruling on the father's motion (*see Matter of Yeager v Yeager*, 110 AD3d 1207, 1209-1210; *Matter of Minner v Minner*, 56 AD3d 1198, 1199; *cf. Matter of Walters v Francisco*, 63 AD3d 1610, 1611; *see generally Matter of Lincoln v Lincoln*, 24 NY2d 270, 271-274). Such a hearing may be conducted "during or after fact-finding" (*Matter of Jessica B. v Robert B.*, 104 AD3d 1077, 1078 n), and may be used to support an allegation of a change in circumstances (*see Matter of Nelson v Morales*, 104 AD3d 1299, 1300). The decision whether to conduct such a hearing is discretionary, but it is "often the preferable course" to conduct one (*Yeager*, 110 AD3d at 1209; *see Minner*, 56 AD3d at 1199).

In this case, the child was 14 years old at the time of trial and expressed a preference to live with the mother, the Attorney for the

Child did not oppose a *Lincoln* hearing, and many of the changed circumstances alleged by the mother concerned matters within the personal knowledge of the child but not that of the mother or her witnesses.  Under those circumstances, we conclude that a *Lincoln* hearing would have provided the court with " 'significant pieces of information [it needed] to make the soundest possible decision' " (*Walters*, 63 AD3d at 1611, quoting *Lincoln*, 24 NY2d at 272; *see Yeager*, 110 AD3d at 1209-1211; *Matter of Stramezzi v Scozzari*, 106 AD3d 748, 749-750; *Matter of Oddo v Collins*, 100 AD3d 1512, 1512-1513).  We therefore reverse the order and remit the matter to Family Court for further proceedings and a new determination on the mother's amended petition (*see Minner*, 56 AD3d at 1199; *see generally Oddo*, 100 AD3d at 1512-1513; *Matter of Flood v Flood*, 63 AD3d 1197, 1199), and "[w]e take no position as to what the new determination should be" (*Stramezzi*, 106 AD3d at 750).

Entered:  March 25, 2016                       Frances E. Cafarell
                                               Clerk of the Court