Matter of Edwin Z. v Courtney AA. (2020 NY Slip Op 05987)





Matter of Edwin Z. v Courtney AA.


2020 NY Slip Op 05987


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

529092

[*1]In the Matter of Edwin Z., Appellant,
v
Courtney AA., Respondent.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Karen L. Kimball, Wynantskill, for appellant.
Courtney Kenneally Maloney, Schenectady, respondentpro se.
Rebecca Bauscher, Schenectady, attorney for the child.



Pritzker, J.
Appeal from an order of the Family Court of Schenectady County (Polk, J.), entered April 3, 2019, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition at the close of petitioner's proof.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of the subject child (born in 2004). As relevant here, in December 2016, the parties stipulated to an order of custody in which the mother and the father had joint legal custody of the child with the mother having primary physical custody. The order also provided that the child attend parochial school through eighth grade. The order was silent on where the child was to attend school thereafter. In July 2018, the father filed this modification petition seeking, among other things, to allow the child to enroll in Saratoga High School, a public school, and to expand the father's parenting time given his proximity to Saratoga High School. In his petition, the father alleged that there had been a change in circumstances because, among other things, there was no longer an order governing where the child is to attend school, the child has repeatedly expressed interest in attending Saratoga High School and the mother and the father could not agree regarding where the child should attend school.
Prior to a fact-finding hearing, the father filed a motion requesting that a Lincoln hearing be held prior to Family Court determining whether the father had established a change in circumstances. The attorney for the child joined in the father's request. Family Court denied the motion to the extent that it did not hold the Lincoln hearing prior to determining whether the father had established a change in circumstances, but agreed to hold a Lincoln hearing on the condition that the child's testimony would not be used to overcome the father's burden of establishing a change in circumstances.[FN1] The fact-finding hearing ensued and, at the close of the father's proof, the mother moved to dismiss the petition both orally and in writing.[FN2] The father opposed the motion and, prior to holding a Lincoln hearing, Family Court granted the mother's motion to dismiss on the ground that the father had failed to establish a change in circumstances. The father appeals.
"A parent seeking to modify an existing custody and parenting time order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis" (Matter of Kanya J. v. Christopher K., 175 AD3d 760, 761 [2019] [internal quotation marks, brackets and citations omitted], lvs denied 34 NY3d 905, 906 [2019]; see Matter of Richard L. v. Kristen M., 174 AD3d 968, 969 [2019]). "Assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child['s] continued best interests" (Matter of Jacob WW. v Joy XX., 180 AD3d 1154, 1155 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Brandon E. v. Kim E., 167 AD3d 1293, 1294 [2018]). Here, the father established a change in circumstances requiring a thorough best interests analysis. To that end, it is undisputed that there is no current order governing where the child is to attend school. Also, the father's uncontested testimony established that the father and the mother cannot reach an agreement as to where the child should attend school, thus requiring judicial intervention (see generally Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [2020]; Matter of Imrie v Lyon, 158 AD3d 1018, 1019 [2018]).
Moreover, Family Court erred in denying the father's motion requesting a Lincoln hearing to aid in the court's determination of whether a change in circumstances had occurred. "Although a child's wishes can support the finding of a change in circumstances, they are but one factor and are not determinative" (Matter of Yeager v Yeager, 110 AD3d 1207, 1209 [2013] [citations omitted]; see Matter of Casarotti v Casarotti, 107 AD3d 1336, 1337 [2013], lv denied 22 NY3d 852 [2013]). Although "[t]he decision whether to conduct such a hearing is discretionary, . . . it is 'often the preferable course' to conduct one" (Matter of Noble v Brown, 137 AD3d 1714, 1715 [2016], quoting Matter of Yeager v Yeager, 110 AD3d at 1209). Here, given that the child was 14 years old at the time of the fact-finding hearing and had expressed a preference to attend public school, that this preference was one of the changed circumstances alleged by the father and that the attorney for the child joined in the father's request for the Lincoln hearing, a Lincoln hearing "would have provided the court with significant pieces of information it needed to make the soundest possible decision" (Matter of Noble v Brown, 137 AD3d at 1715 [internal quotation marks, brackets and citations omitted]; see Matter of Yeager v Yeager, 110 AD3d at 1209). Thus, the matter is remitted to Family Court to conduct fact-finding, as well as a Lincoln hearing, to determine whether the child attending public school and/or a change in parenting time is in the best interests of the child.[FN3]
Garry, P.J., Clark, Devine and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The record does not support Family Court's description of the motion as a request to hold a Lincoln hearing in place of a fact-finding hearing on the issue of change in circumstances.

Footnote 2: The basis for the mother's motion to dismiss was that the father had not established a change in circumstances nor was it established that it was in the child's best interests to modify the prior order. However, as Family Court made clear, the fact-finding hearing was only to determine whether there was a change in circumstances sufficient to warrant a best interests analysis.

Footnote 3: The father also raises issues regarding the mother's willful violation of the prior order based upon an Easter visit with the father that did not occur. The father, however, has not filed a violation petition.