Giron v New York City Hous. Auth. (2020 NY Slip Op 05987)





Giron v New York City Hous. Auth.


2020 NY Slip Op 05987


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Friedman, J.P., Kern, Scarpulla, Shulman, JJ. 


Index No. 22599/16 Appeal No. 12149 Case No. 2019-3699 

[*1]Mary Giron, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent, The City of New York, Defendant.


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Herzfeld & Rubin, P.C., New York (Sharyn Rootenberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered April 24, 2019, which granted defendant NYCHA's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly granted defendant's motion based on the "storm in progress" defense (see Powell v MLG Hillside Assoc., 290 AD2d 345 [1st Dept 2002]; Pippo v City of New York, 43 AD3d 303, 304 [1st Dept 2007]). Defendant established that a storm was in progress at the time of plaintiff's accident by submitting, among other things: an expert affidavit from a meteorologist who, based on review of climatological data, concluded that "freezing rain" began shortly before and continued through the time of plaintiff's accident and, an affidavit from the supervisor of caretakers describing the effects of an "ice storm" on plaintiff's housing complex. Plaintiff's contention that defendant failed to meet its prima facie burden because it submitted "conflicting evidence" is unpreserved (Howard Rosengarten, P.C. v Hott, 49 AD3d 328, 329 [1st Dept 2008]) and, in any event, unavailing.
In opposition, plaintiff failed to raise a triable issue of fact. None of plaintiffs' proffered evidence  including her conclusory deposition testimony that it was not raining or snowing at the time of her accident and her reference to hourly precipitation reports showing trace amounts of precipitation two hours before the accident — rebutted the actual temperature and precipitation readings documented in the other climatological records, or the affidavit of the supervisor of caretakers showing that an "ice storm" was occurring in the area of the complex in the hours before and during plaintiff's accident (Lowenstern v Sherman Sq. Realty Corp., 165 AD3d 432 [1st Dept 2018], lv denied 33 NY3d 906 [2019]; Prince v New York City Hous. Auth., 302 AD2d 285 [1st Dept 2003]).
Plaintiff's contention that an issue of fact exists as to whether NYCHA's snow and ice removal work created or exacerbated a dangerous condition (see Pipero v New York City Tr. Auth., 69 AD3d 493 [1st Dept 2010]) is directly refuted by her own testimony that the stairway had not been shoveled, sanded or salted at the time of her accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020