Matter of Samantha WW. v Malek XX. (2023 NY Slip Op 03052)

Matter of Samantha WW. v Malek XX.

2023 NY Slip Op 03052

Decided on June 8, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 8, 2023

534788
[*1]In the Matter of Samantha WW., Appellant,
v
Malek XX., Respondent.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Lindsay H. Kaplan, Kingston, for appellant.
Shane A. Zoni, Public Defender, Hudson (Jessica D. Howser of counsel), for respondent.
Alexander W. Bloomstein, Hillsdale, attorney for the child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Columbia County (Jonathan D. Nichols, J.), entered January 11, 2022, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition at the close of petitioner's proof.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2005). As relevant here, in 2017, the parties stipulated to an order of custody in which the mother and the father had joint legal custody of the child with the father having primary physical custody. The order also provided that the mother shall have parenting time with the child as she and the father may reasonably and mutually agree. In 2020, the mother filed this modification petition seeking primary physical custody of the child. During a fact-finding hearing, at the close of the mother's proof, the father moved to dismiss the petition. The mother and the attorney for the child opposed the motion and the attorney for the child requested that Family Court conduct a Lincoln hearing of the child. Family Court declined to conduct such a hearing, stating that it presumed the child's position is that he prefers to reside with the mother in Florida and granted the father's motion to dismiss on the ground that the mother failed to establish a change in circumstances. The mother appeals.
"A party seeking a modification of a prior order of custody must demonstrate that there has been a change in circumstances since entry of the prior order to warrant an analysis as to whether modification thereof would serve the best interests of the child[ ]" (Matter of Antonio MM. v Tara NN., 191 AD3d 1196, 1197 [3d Dept 2021] [citation omitted]; see Matter of Turner v Turner, 166 AD3d 1339, 1339 [3d Dept 2018]). "When, as here, Family Court is tasked with deciding a motion to dismiss at the close of the petitioner's proof, the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1353 [3d Dept 2022] [internal quotation marks and citations omitted], lv dismissed 39 NY3d 1092 [2023). "While not determinative, the preferences of an older and more mature child are relevant in determining whether a change in circumstances exists" (Matter of Coleman v Millington, 140 AD3d 1245, 1246 [3d Dept 2016] [citation omitted]; see Matter of Burch v Willard, 57 AD3d 1272, 1273 [3d Dept 2008]).
We find that Family Court abused its discretion in denying the attorney for the child's request for a Lincoln hearing to aid in the court's determination of whether a change in circumstances had occurred. While the determination of whether to conduct a Lincoln hearing lies within Family Court's discretion, it is indeed the preferred method for ascertaining the child's wishes (see Matter of [*2]Derek KK. v Jennifer KK., 196 AD3d 765, 768 [3d Dept 2021]; Matter of Yeager v Yeager, 110 AD3d 1207, 1209 [3d Dept 2013]). At the time of the hearing, the child was six days shy of being 16 years old and the mother's primary argument in support of her petition was that the childpreferred to reside with her in Florida. "[A] Lincoln hearing would have provided the court with significant pieces of information it needed to make the soundest possible decision" (Matter of Edwin Z. v Courtney AA., 187 AD3d 1352, 1354 [3d Dept 2020] [internal quotation marks and citations omitted]). The wishes of this soon-to-be 16-year-old child, although not determinative, should have been considered, including any insight he may have provided as to the current status of his relationship with each parent (see Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [3d Dept 2013]). It was improper for Family Court to simply presume the child preferred to reside with his mother, as the fundamental purpose of a Lincoln hearing "is to ascertain a child's preferences and concerns" (Theodore P. v Debra P., 209 AD3d 1146, 1150 [3d Dept 2022] [emphasis added; internal quotation marks and citation omitted]). Further, the record is bereft of any articulation or explanation for Family Court's decision not to conduct a Lincoln hearing, although we can assume the court decided — wrongly, in our opinion — that it was unwarranted. We conclude that a Lincoln hearing is called for under these circumstancesand remit the matter to Family Court to conduct a Lincoln hearing (see Matter of Sarah OO. v Charles OO., 198 AD3d 1151, 1153 [3d Dept 2021]; Matter of Edwin Z. v Courtney AA., 187 AD3d at 1354; Matter of Jessica B. v Robert B., 104 AD3d at 1078; Matter of Yeager v Yeager, 110 AD3d at 1209-1210), and any appropriate hearing following same.
Garry, P.J., Egan Jr., Clark and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision, said proceedings to be commenced within 45 days of the date of this Court's decision.