In the Matter of DONNA VEZINA, Appellant, v JOSEPH VEZINA, Respondent. [778 NYS2d 602]—

Appeal from an amended order of the Family Court, Cattaraugus County (Paul B. Kelly, J.H.O.), entered December 10, 2001. The amended order granted the parties joint custody of their children.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an amended order granting the parties joint custody of their children, with pri-

mary physical placement of the children with respondent. Contrary to petitioner's contention, we conclude that Family Court did not rely solely on the report of the psychologist and thus did not abdicate its duty to determine custody (*see Matter of Aldrich v Aldrich,* 263 AD2d 579 [1999]; *see also Salerno v Salerno,* 273 AD2d 818, 819 [2000]). Although we agree with petitioner that the court failed to set forth the factors essential to its decision, as it was required to do (*see Matter of Miller v Miller,* 220 AD2d 133, 136 [1996]; *Matter of Graci v Graci,* 187 AD2d 970, 971 [1992]; *see generally Fox v Fox,* 177 AD2d 209, 210 [1992]), we conclude that the record supports the court's determination and is "sufficiently complete" for this Court to make factual findings "in the interests of judicial economy and the well-being of the child[ren]" (*Matter of Ammann v Ammann,* 209 AD2d 1032, 1033 [1994]; *cf. Miller,* 220 AD2d at 137).

We agree with the court that both parties are loving and capable parents who each have a healthy relationship with the children. Nevertheless, we further agree with the court that, although petitioner made significant strides in addressing the concerns raised by the court-appointed psychologists, the best interests of the children are served by granting primary physical placement to respondent. The record establishes that respondent's home is more spacious and better organized than petitioner's home and that respondent, who has always maintained gainful employment, is better able to provide for the financial needs of the children than petitioner (*see Fox,* 177 AD2d at 210). The record further establishes that respondent is better able to provide for the children's educational development inasmuch as the older child repeated kindergarten due to excessive absences while he resided with petitioner pursuant to the temporary order issued during the pendency of this proceeding (*see id.*). Although the older half brother of the children resides with petitioner and the children are therefore separated from him, that factor is not a sufficient basis for modifying the amended order on appeal. In any event, the children have resided with respondent pursuant to the order herein for nearly three years, and we conclude, in view of all of the relevant factors, that it would not be in the best interests of the children to disrupt the stability of the existing custodial arrangement (*see generally id.*). We have reviewed petitioner's remaining contention and conclude that it is without merit. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.