■ Jeffrey R. Kaczor, Respondent, v Lori M. Kaczor, Appellant. [785 NYS2d 573]—

Mugglin, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered June 6, 2002, which, inter alia, upon referral of the matter from Supreme Court, awarded sole custody of the parties' child to plaintiff.

At the conclusion of the matrimonial action between these parties, Supreme Court referred issues concerning the custody and support of the child to Family Court. During the pendency

of the matrimonial action, Family Court had issued a temporary order of joint custody, defendant having physical custody subject to specifically delineated rights of visitation in favor of plaintiff. Thereafter, as a result of numerous disputes regarding visitation, the parties filed various petitions charging each other with violating the temporary order. Family Court considered all of these issues in one evidentiary hearing and awarded sole custody to plaintiff, the father, subject to visitation for defendant, the mother, held the mother in contempt of the temporary order and dismissed all other petitions. Defendant appeals.

Family Court found that defendant willfully violated the visitation order on two occasions, once when she refused to deliver the child until plaintiff delivered defendant's snowmobile to her and once when she refused to allow the child to accompany plaintiff because his girlfriend's husband was with him. Nevertheless, when plaintiff returned alone, defendant still refused to allow the child to go with him. While Family Court assessed no penalties for these contempts, it did consider them in making the custody determination. "To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and that the person alleged to have violated that order had actual knowledge of its terms" (*Graham v Graham*, 152 AD2d 653, 654 [1989] [citations omitted]; *accord Matter of Hoglund v Hoglund*, 234 AD2d 794, 795 [1996]).

Defendant contends that the acts complained of were not proscribed by the order and Family Court's decision lacked a sound basis in the record and was contrary to the weight of the evidence. We find no merit to these arguments. Defendant clearly knew that plaintiff was entitled, unconditionally, to visitation with his daughter on Tuesdays and Thursdays from 6:00 P.M. to 8:00 A.M. and on every other weekend. Nevertheless, she withheld visitation as above set forth. As can be expected, the testimony of the parties differed as to what occurred on those occasions. We discern no basis in this record to disturb Family Court's credibility determinations resolving factual issues in plaintiff's favor. Moreover, contrary to defendant's contention, Family Court's findings are set forth and supported by the record in sufficient fashion to enable appellate review (*see Matter of Vezina v Vezina*, 8 AD3d 1047, 1048 [2004]; *Matter of Miller v Miller*, 220 AD2d 133, 136 [1996]).

Defendant also contends that Family Court's award of sole custody to plaintiff lacks a sound and substantial basis in the record and is contrary to the weight of the evidence. In addition

to interfering with plaintiff's visitation, this record supports Family Court's findings that defendant blocked plaintiff's telephone access to the child, made derogatory remarks to plaintiff in the child's presence and physically assaulted plaintiff in the child's presence. Thus, we agree with Family Court that their relationship was so acrimonious that joint custody was no longer feasible (*see Matter of Rosario WW. v Ellen WW.,* 309 AD2d 984, 985 [2003]; *Matter of Markey v Bederian,* 274 AD2d 816, 817 [2000]). In determining who should be the custodial parent, Family Court was required to consider the best interests of the child (*see Friederwitzer v Friederwitzer,* 55 NY2d 89, 96 [1982]) by reviewing such factors as "maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Smith v Miller,* 4 AD3d 697, 698 [2004]). Here, in addition to the incidents above set forth, the testimony of the psychologist revealed that the child perceived that her parents frequently argued and that it was her mother who started the arguments. Moreover, the psychologist expressed the opinion that plaintiff was not being "totally forthright" and that she is more responsible for the conflict than she is willing to admit. As Family Court's determination depends upon its credibility assessments and upon the character, temperament and sincerity of the parents (*see Matter of Blanco v Corbett,* 8 AD3d 374, 374 [2004])—which findings are accorded great deference (*see Matter of Meola v Meola,* 301 AD2d 1020, 1021-1022 [2003])—we discern no reason to disturb Family Court's custody determination, finding it to be fully supported by the record.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.