In the Matter of Angelo Colicci, Respondent, v Pamela Pagoda Ruhm, Appellant. [798 NYS2d 280]—

Appeal from an order of the Family Court, Oneida County (Frank S. Cook, J.), entered March 12, 2004 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted that part of the petition seeking to suspend petitioner's child support obligation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by suspending child support payments effective March 12, 2004, and as modified the order is affirmed without costs.

Memorandum: Family Court properly granted that part of the petition seeking to suspend petitioner father's child support obligation on the ground that respondent mother had "frustrated" visitation between petitioner and the parties' daughter.

Pursuant to Family Court Act § 413 (1) (a), a parent has a statutory duty to support a child until the age of 21. Here, however, petitioner established that respondent, the custodial parent, "has unjustifiably frustrated the noncustodial parent's right of reasonable access, [and thus] child support payments may be suspended" (*Matter of Smith v Bombard*, 294 AD2d 673, 675 [2002], *lv denied* 98 NY2d 609 [2002]; *see Matter of Kershaw v Kershaw*, 268 AD2d 829, 830 [2000]; *cf. Weinreich v Weinreich*, 184 AD2d 505, 506 [1992]).

We further conclude, however, that the court erred in suspending petitioner's child support payments retroactively, and thus we modify the order accordingly. "There is a 'strong public policy against restitution or recoupment of support overpayments' " (*Matter of Niewiadomski v Dower*, 286 AD2d 948, 948 [2001], quoting *Baraby v Baraby*, 250 AD2d 201, 205 [1998]). Although recoupment may be permissible under limited circumstances, e.g., where there was a mathematical error in the calculation of the amount of support (*see People ex rel. Breitstein v Aaronson*, 3 AD3d 588, 589 [2004]), here there is no such error.

We have reviewed respondent's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Pine and Lawton, JJ.