In the Matter of STEVEN DUBUQUE, Respondent, v SHAWNA M. BREMILLER, Appellant. [913 NYS2d 855]—

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered June 22, 2009 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole custody of the parties' child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, following a hearing, granted the petition seeking to modify a prior order of custody and visitation by granting sole custody of the parties' daughter to petitioner father and visitation to the mother. Inasmuch as the mother does not challenge Family Court's finding that a change in circumstances existed, we need only address whether it was in the child's best interests to award sole custody to the father (*see Matter of Bush v Bush*, 74 AD3d 1448, 1449 [2010], *lv denied* 15 NY3d 711 [2010]).

We note at the outset "that, although the court failed to comply with CPLR 4213 (b) by stating 'the facts it deem[ed] essential' in [awarding sole custody to the father], the record is sufficient to permit us to make such findings" (*Matter of Chapman v Tucker*, 74 AD3d 1905, 1906 [2010]; *see Matter of Vezina v Vezina*, 8 AD3d 1047 [2004]). "Contrary to the mother's contention, the court did not abuse its discretion in awarding the father [sole custody of the child]. Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record . . . We see no basis to disturb the court's determination inasmuch as it was based on the court's credibility assessments of the witnesses and is supported by a sound and substantial basis in the record" (*Matter of Krug v Krug*, 55 AD3d 1373, 1374 [2008] [internal quotation marks omitted]; *see Matter of Thayer v Thayer*, 67 AD3d 1358 [2009]).

We have considered the mother's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.