# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**268**
**CAF 10-00365**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF NORMAN E. GREEN,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

JACQUELINE BONTZOLAKES, RESPONDENT-APPELLANT.
(PROCEEDING NOS. 1 AND 3.)
-----------------------------------------------
IN THE MATTER OF JACQUELINE BONTZOLAKES,
PETITIONER-APPELLANT,

V

NORMAN E. GREEN, RESPONDENT-RESPONDENT.
(PROCEEDING NO. 2.)

---

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT AND
PETITIONER-APPELLANT.

NORMAN E. GREEN, PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT PRO
SE.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILD, BUFFALO, FOR NYDAYA G.

---

Appeal from an order of the Family Court, Erie County (Rosalie
Bailey, J.), entered October 7, 2009 in a proceeding pursuant to
Family Court Act article 6. The order, among other things, awarded
sole custody of the parties' child to petitioner Norman E. Green and
visitation to respondent Jacqueline Bontzolakes.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: The mother of the child at issue, the respondent in
proceeding Nos. 1 and 3 and the petitioner in proceeding No. 2,
appeals from an order that, following a hearing, granted the petitions
in proceeding Nos. 1 and 3. The father, by those petitions, alleged
that the mother violated the provisions of a prior order of custody
and visitation and sought to modify that order by awarding him sole
custody of the parties' daughter and granting visitation to the
mother. Family Court also denied the mother's petition in proceeding
No. 2 seeking modification of the visitation provisions of the prior
order. Contrary to the mother's contention, the court properly
awarded the father sole custody of the child (*see Matter of Dubuque v*

*Bremiller*, 79 AD3d 1743). " 'Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (*id.* at 1744). We see no basis to disturb the court's determination.

We have considered the mother's remaining contentions and conclude that they are without merit.

Entered:  April 1, 2011                                   Patricia L. Morgan
                                                          Clerk of the Court