# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**913**

**CA 11-02308**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

KEITH V. WILLIAMS, PLAINTIFF-RESPONDENT,

V                      MEMORANDUM AND ORDER

TAWNY B. WILLIAMS, NOW KNOWN AS TAWNY M.
BIRMINGHAM, DEFENDANT-APPELLANT.

---

WALTER J. BURKARD, FAYETTEVILLE, FOR DEFENDANT-APPELLANT.

BUCCI LAW FIRM, PLLC, BALDWINSVILLE (LINDA M. COOK OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

KELLY M. CORBETT, ATTORNEY FOR THE CHILDREN, FAYETTEVILLE, FOR DAKOTA
W. AND JENNIKA W.

---------------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Michael L. Hanuszczak, A.J.), entered February 18, 2011. The order,
among other things, awarded plaintiff sole legal and physical custody
of the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by awarding defendant an additional
day of visitation each week on a specific weekday, which visitation
shall begin at the completion of the children's school day and shall
continue until such time in the evening that they are able to return
to plaintiff's home for their regular bedtime, and as modified the
order is affirmed without costs and the matter is remitted to Supreme
Court, Onondaga County, for further proceedings in accordance with the
following Memorandum: Defendant mother appeals from an order
modifying the custody provisions of the parties' judgment of divorce
and granting sole legal and physical custody of the parties' two
children to plaintiff father and visitation to the mother. Supreme
Court properly determined that joint custody is inappropriate
"inasmuch as the parties have an acrimonious relationship and are
unable to communicate with each other in a civil manner" (*Matter of
Christopher J.S. v Colleen A.B.*, 43 AD3d 1350, 1351). Contrary to the
mother's contention, the court properly determined that the best
interests of the children warranted the award of sole custody to the
father. "The best interests of a child, which is the foremost
consideration in matters of custody and visitation, is within the
discretion of the hearing court whose determination will not be set
aside unless it lacks a sound and substantial evidentiary basis"
(*Matter of Arelis Carmen S. v Daniel H.*, 78 AD3d 504, 504, *lv denied*
16 NY3d 707; *see Dubuque v Bremiller*, 79 AD3d 1743, 1744). Here, we

see no reason to disturb the court's custody determination inasmuch as it is supported by the requisite "sound and substantial basis in the record" (*Dubuque*, 79 AD3d at 1744 [internal quotation marks omitted]). We agree with the court's conclusion that, although both parties appear to be fit and loving parents, the evidence presented at the hearing establishes that the father is better able to provide for the children's educational and medical needs.

We further conclude, however, that the court erred in limiting the mother's visitation to alternate weekends.  Although there was a sound and substantial basis in the record for the court's determination to modify the prior visitation schedule (*see generally Matter of Nicole J.R. v Jason M.R.*, 81 AD3d 1450, 1451, *lv denied* 17 NY3d 701; *Matter of Flood v Flood*, 63 AD3d 1197, 1198), we agree with the mother and the Attorney for the Children that the court erred in eliminating visitation between the mother and the children during the week.  Thus, we conclude that the court "improvidently exercised its discretion in determining the amount of visitation for the [mother], which did not include an award of weekday . . . visitation" (*Matter of Solovay v Solovay*, 94 AD3d 898, 900, *lv denied* 19 NY3d 808; *see Matter of Brown v Brown*, 97 AD3d 673, 674; *see generally Matter of Roody v Charles*, 283 AD2d 945, 946).

Based on the record before us, we conclude that the best interests of the children would be served by awarding the mother an additional day of visitation each week on a specific weekday, which visitation shall begin at the completion of the children's school day and shall continue until such time in the evening that they are able to return to the father's home for their regular bedtime.  We therefore modify the order accordingly, and we remit the matter to Supreme Court to set a specific day of the week and the specific times during which such visitation should occur, either upon agreement of the parties or after a hearing if they are unable to agree.