# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1214**
**CAF 13-00442**
PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF WILLIAM VAN COURT, II,
PETITIONER-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

NICOLE WADSWORTH, RESPONDENT-APPELLANT.

---

PAUL M. DEEP, UTICA, FOR RESPONDENT-APPELLANT.

CALLI, CALLI & CULLY, UTICA (HERBERT J. CULLY OF COUNSEL), FOR
PETITIONER-RESPONDENT.

PAUL SKAVINA, ATTORNEY FOR THE CHILD, ROME.

MICHAEL N. KALIL, ATTORNEY FOR THE CHILD, UTICA.

---

Appeal from an order of the Family Court, Oneida County (Joan E.
Shkane, J.), entered January 4, 2013 in a proceeding pursuant to
Family Court Act article 6.  The order, inter alia, awarded petitioner
sole custody of the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this custody proceeding pursuant to Family Court
Act article 6, respondent mother appeals from an order that, inter
alia, modified an existing custody order by awarding sole custody of
the parties' children to petitioner father and supervised visitation
to the mother.  "Inasmuch as the mother does not challenge Family
Court's finding that a change in circumstances existed, we need only
address whether it was in the child[ren]'s best interests to award
sole custody to the father" (*Matter of Dubuque v Bremiller*, 79 AD3d
1743, 1744).

We note at the outset that, contrary to the mother's contention,
the gaps in the trial transcript resulting from inaudible portions of
the audio recording are not so significant as to preclude meaningful
review of the order on appeal (*see Matter of Devre S. [Carlee C.]*, 74
AD3d 1848, 1849; *cf. Matter of Alessio v Burch*, 78 AD3d 1620, 1620).
Also contrary to the mother's contention, the court did not abuse its
discretion in awarding sole custody of the children to the father.
"Generally, a court's determination regarding custody and visitation
issues, based upon a first-hand assessment of the credibility of the
witnesses after an evidentiary hearing, is entitled to great weight

and will not be set aside unless it lacks an evidentiary basis in the record . . . We see no basis to disturb the court's determination inasmuch as it was based on the court's credibility assessments of the witnesses and is supported by a sound and substantial basis in the record" (*Dubuque*, 79 AD3d at 1744 [internal quotation marks omitted]). Finally, "even assuming, arguendo, that the court erred in transferring temporary custody to the father," we conclude that reversal is not required "because the court 'subsequently conducted the requisite evidentiary hearing, and the record of that hearing fully supports the court's determination following the hearing' " (*Matter of Ward v Ward*, 89 AD3d 1518, 1519).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court