# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**976**
**CAF 13-00557**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF KATHERINE D. WARREN,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHRISTOPHER J. MILLER, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR RESPONDENT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF
COUNSEL), FOR PETITIONER-RESPONDENT.

LORENZO NAPOLITANO, ATTORNEY FOR THE CHILD, ROCHESTER.

--------------------------------------------------------------------------------

Appeal from an amended order of the Family Court, Monroe County
(Julie Anne Gordon, R.), entered January 25, 2013 in a proceeding
pursuant to Family Court Act article 6.  The amended order, among
other things, granted petitioner sole custody of the subject child.

It is hereby ORDERED that the amended order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner-respondent mother commenced the
proceeding in appeal No. 1 to modify the parties' existing visitation
schedule with respect to the parties' child.  Family Court sua sponte
determined, however, that the existing joint custody arrangement was
unworkable and entered an amended order awarding sole custody and
primary physical residence to the mother, and visitation and access to
respondent-petitioner father.  The father appeals from that amended
order in appeal No. 1.  In appeal No. 2, the father appeals from an
order dismissing his order to show cause and petition to modify the
amended order in appeal No. 1.  We now affirm in appeal No. 1.

The father contends in appeal No. 1 that the court lacked
jurisdiction to determine the issue of custody.  We reject that
contention.  Even without an application for sole custody by one of
the parties, the court herein had the authority to address the issue
of custody inasmuch as the parties were "adequately apprised prior to
the hearing that custody was at issue, and . . . had a sufficient
opportunity to present any testimony and evidence relevant to the
issue of custody" (*Matter of Heintz v Heintz*, 28 AD3d 1154, 1155).
"Once [the court] determine[s] that joint custody [is] not feasible,

it [becomes] incumbent upon [the court] to determine a custodial arrangement based upon the best interests of the child[] despite the absence of a petition definitively seeking sole custody" (*Matter of Mahoney v Regan*, 100 AD3d 1237, 1237-1238 [internal quotation marks omitted], *lv denied* 20 NY3d 859; *see Heintz*, 28 AD3d at 1154-1155; *Matter of Miller v Orbaker*, 17 AD3d 1145, 1145-1146, *lv denied* 5 NY3d 714).

In the instant case, the record establishes that the court informed the parties on two occasions prior to the hearing that sole custody would be at issue. In addition, during the hearing, and before the father engaged in cross-examination or called his first witness, the court specifically warned the father that he could lose custody if he failed to present evidence contradicting the mother's testimony. We note that the father demonstrated his understanding of the court's intent to determine the issue of custody by referencing it during his opening statement, by presenting testimony and evidence in support of his request therefor and, in his summation, by characterizing the proceeding as "a contested custody matter" and specifically requesting that he be awarded sole custody.

We reject the father's further contention in appeal No. 1 that the court's custody determination lacks a sound and substantial basis in the record. "Generally a court's determination regarding custody and visitation issues, based on its first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (*Matter of Dubuque v Bremiller*, 79 AD3d 1743, 1744 [internal quotation marks omitted]; *see Matter of Marino v Marino*, 90 AD3d 1694, 1695). Here, we conclude that the court's determination is supported by the requisite evidentiary basis. Notably, the record establishes that the father interfered with the child's enrollment in educational programming and that, although the child was diagnosed with a behavioral disorder, the father refused to acknowledge the disorder and to administer the child's prescribed medication. We therefore see no reason to disturb the court's determination. The father's contentions raised for the first time in his reply brief are not properly before us (*see Matter of Rossborough v Alatawneh*, 129 AD3d 1537, 1538), and we decline to take judicial notice of items submitted by the father outside of the record on appeal.

In light of our determination in appeal No. 1, we dismiss the appeal in appeal No. 2 as moot.

Entered:  October 9, 2015                     Frances E. Cafarell
                                              Clerk of the Court