# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**273**

**CAF 14-00484**

PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

IN THE MATTER OF SUSAN RICHARDS,
PETITIONER-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

WINDSOR C. RICHARDS, RESPONDENT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered November 21, 2012 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to an order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order denying his written objections to the order of the Support Magistrate finding him in willful violation of a child support order. Preliminarily, contrary to the father's contention, the gaps in the hearing transcript attributable to inaudible portions of the audio recording are not so significant as to preclude appellate review (*see Matter of Van Court v Wadsworth*, 122 AD3d 1339, 1340, *lv denied* 24 NY3d 916). Contrary to the father's further contention, petitioner mother was not required to provide a written record detailing the missed child support payments, and her unequivocal testimony that the father failed to pay any child support from October 1995 to December 2004 is sufficient (*cf. Matter of Cox v Cox*, 181 AD2d 201, 204-205). The father, on the other hand, testified that he paid child support by check during the time period in question, but he failed to submit any documentary evidence in support of that assertion. In light of the Support Magistrate's superior position to assess the credibility of the witnesses (*see DeNoto v DeNoto*, 96 AD3d 1646, 1648), we see no reason to disturb the determination that the father willfully violated the child support order.

Finally, to the extent that the father contends that the mother waived her right to future child support payments by accepting from him certain items and benefits, including property tax payments, his contentions to that effect are not properly before us because he failed to raise them in his written objections to the Support Magistrate's order (*see Matter of Farruggia v Farruggia*, 125 AD3d

1490, 1490; *Matter of Porter v D'Adamo*, 113 AD3d 908, 909-910).