# IN THE COURT OF APPEALS OF IOWA

No. 18-1690
Filed May 1, 2019

IN RE THE MARRIAGE OF NICOLE RAE SEWARD
AND ADAM CLARK SEWARD

Upon the Petition of
**NICOLE RAE SEWARD,**
        Petitioner-Appellant,

**And Concerning**
**ADAM CLARK SEWARD,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Hardin County, James C. Ellefson,

Judge.


        Nicole Seward appeals the modification of the visitation and child support

provisions of the dissolution decree.  **AFFIRMED.**


        Danni J. Harris of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

        Barry S. Kaplan and C. Aron Vaughn of Kaplan & Frese, LLP,

Marshalltown, for appellee.


        Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

Nicole Seward appeals from the modification of the decree dissolving her marriage to Adam Seward. The district court modified the decree in several respects. At issue in this appeal are the district court's modification of the visitation provision, which provided Adam with parenting time by setting out a detailed schedule, and modification of the child support provision, which declared past child support payments satisfied, increased child support, and credited Adam for overpayment of past child support. On appeal, Nicole argues the court's ruling went beyond the scope of Adam's modification petition by modifying the visitation provision and child support award when the petition only requested the court modify the decree to place physical care of the children with Adam. She also claims the court erred in declining to award her attorney fees.

## I. Background Facts and Proceedings

The parties married in 1997. They have three children: E.S., born in 2005; A.S., born in 2007; and C.S., born in 2010. The parties divorced in 2011 by way of stipulated agreement. Relating to the children, the agreement granted joint legal custody to the parents, placed physical care of the children with Nicole, and provided Adam with "reasonable and liberal rights of visitation such as not to interfere with the health, welfare, and education of the said children with the specific dates and times to be agreed upon by the parties." The agreement also required Adam to pay Nicole child support through the Collection Services Center and required that the children continue to receive VA benefits, to which they are entitled due to Adam's past military service.

For several years, the parties co-parented without significant issues. They were able to flexibly schedule Adam's parenting time without a set schedule until recently when E.S. refused to spend time with Adam. As a disabled veteran, Adam receives disability payments from the government each month.[1] The amount of his monthly disability payments has varied in accordance with his level of impairment over time. Adam regularly deposited these payments into a joint account he shared with Nicole, intending to satisfy his child support obligation in this manner. Then, in August 2017 Nicole sought a wage withholding order so that Adam's child support payments would be deducted from his paycheck instead. Four days later, Adam filed his petition for modification, requesting physical care of the children be awarded to him. The prayer of the petition requested "the court place primary care of the parties' minor children in [him], enter such orders as to child support and other matters appropriate under the circumstances, and enter an order as to court costs and attorney fees."

The parties completed court-mandated mediation and reached an agreement on temporary matters, which provided Adam with scheduled parenting time with A.S. and C.S. It also required Adam to attend therapy with E.S. prior to the commencement of visitation. However, neither parent could identify a therapy provider who would meet with them due to the pending litigation. As a result, Adam commenced regularly scheduled parenting time with A.S. and C.S. but not with E.S.

---

[1] The record indicates these disability payments differ from the VA benefits referred to in the stipulated agreement.

Both parties made contempt allegations against the other. Nicole's allegations of contempt against Adam related to the payment of child support among other things. The contempt actions were considered at the same time as the modification action. At trial, Adam testified and indicated he sought joint physical care of the children instead of physical care. He also requested a defined parenting-time schedule be entered to replace the existing non-specific visitation provision in the dissolution decree. Nicole also testified and denied any change in circumstance warranting modification of physical care and contested the need for a set parenting-time schedule for Adam and instead claimed the existing visitation provision was in the children's best interests.

At the close of evidence, the court ruled from the bench. The court found no change in circumstance warranting a change in physical care and dismissed the pending contempt actions. However, the court found a change in circumstance necessitating a change to the visitation provision of the decree and concluded a set parenting-time schedule was in the children's best interest. The court then permitted the parties to provide information off the record regarding their preferences for a parenting-time schedule. Considering evidence presented relating to the contempt claims, the court declared Adam's past child support obligations satisfied and found him ahead in his payments by $5694.19, relying on a hand-written exhibit from Adam outlining his payments into the joint account, which was mostly reconcilable with a payment record submitted by Nicole. The court modified the child support award but credited Adam's future payments by $50.00 per month until the total overpayment is reached. The court also modified

other provisions of the decree regulating the children's medical support and who will claim the children as dependents on future tax returns.

As the court ruled from the bench, Nicole alerted the court to the limited scope of the modification petition and indicated the court should "simply dismiss the modification petition claiming that there had not been any change in circumstance." The court declined to do so. After the court issued its written ruling, both parties filed motions to amend and enlarge the court's findings and conclusions. Adam sought a change to the holiday provision of the entered parenting-time schedule. Nicole again noted the limited scope of the modification petition and argued the court's ruling went beyond the scope if the issue before it. The court denied both motions.

Nicole now appeals.

## II. Standard of Review

Because "[p]etitions to modify the physical care provision of a divorce decree lie in equity . . . we review the district court's decision de novo." *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016) (citations omitted). "Although we make our own findings of fact, 'when considering the credibility of witnesses the court gives weight to the findings of the trial court' even though we are not bound by them." *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015) (citation omitted). The best interests of the children is the controlling consideration. *Id.*

We review the trial court's denial of attorney fees for an abuse of discretion. *See In re Marriage of Grady-Woods*, 577 N.W.2d 851, 853 (Iowa Ct. App. 1998).

## III. Discussion

### A. Visitation

As a threshold issue, Nicole argues the district court improperly modified the visitation provision of the decree by providing a set parenting-time schedule sua sponte. We have previously found a district court's modification of a decree provision improper when the parties did not have notice the provision was at issue. *See In re Marriage of Hute*, No. 17-0046, 2017 WL 3283382, at *3 (Iowa Ct. App. Aug. 2, 2017) (finding court's modification of legal custody provision improper when petitioning party only requested modification of visitation and collecting supporting cases). However, here Nicole had fair notice the visitation provision was potentially at issue given the modification petition's broadly worded prayer. Had the court found a material and substantial change in circumstance warranting modification of physical care, the petition's prayer permitted the court to modify "other matters appropriate under the circumstances," which would include the visitation provision of the decree.

Counsel's direct examination of Nicole also makes clear she was aware the visitation provision was at issue. Specifically, counsel posed the following question to Nicole: "Would you have an objection yourself to the court placing a specific visitation schedule when [Adam] can see the children?" This questioning demonstrates Nicole knew the possibility of a set parenting-time schedule was before the court. Because the parties had fair notice the visitation provision was at issue, we do not find the district court improperly modified the parenting-time schedule sua sponte. *See Warren v. Miller*, 17 N.Y.S. 3d 535, 536 (N.Y. App. Div. 2015) (finding district court had the authority to address custody issue sua

sponte when parties had sufficient notice custody was at issue prior to hearing and had an opportunity to present relevant testimony and evidence on the issue).

Nicole contends even if the district court properly considered the parenting-time provision, it erred in determining any change was necessary. As the party seeking modification, Adam was required to "establish by a preponderance of the evidence that there has been a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the children." *Christy v. Lenz*, 878 N.W.2d 461, 464 (Iowa Ct. App. 2016) (quoting *In re Marriage of Salmon*, 519 N.W.2d 94, 95–96 (Iowa Ct. App. 1994)). However, the change in circumstances required to modify visitation is less extensive than the change required to modify custody. *See id.*

Like the district court, we find the record reveals a change in circumstances sufficient to warrant modification of the visitation provision and conclude a set parenting-time schedule is in the children's best interests. The relationship between the parties has deteriorated over time, as evidenced by their difficulty agreeing to vacation terms. E.S.'s relationship with Adam has also suffered significantly since entry of the decree and, as of the time of trial, E.S. and Adam had not spent any time together for more than a year. A set parenting-time schedule would help reduce conflict regarding vacations, provide the children with stability, and help foster the parent-child relationship between Adam and each of the children. We conclude the district court did not err in modifying the parenting-time provision of the decree.

### B. Child Support

Next, Nicole argues the district court went beyond the scope of her contempt petition, which alleged Adam failed to pay child support, and Adam's modification petition by declaring Adam's past child support obligations satisfied, finding Adam overpaid support in the amount of $5694.18, and offsetting future support payments to compensate for the overpayment. Contrary to Nicole's protestations, modification of child support was properly before the court. The petition for modification requested the court "enter such orders as to child support . . . [that are] appropriate under the circumstances." This sufficiently notified the parties that modification of child support was at issue. *Cf. Warren*, 17 N.Y.S. 3d at 536.

We conclude Nicole's contempt action necessitated the district court's finding that Adam satisfied his child support obligation. A person may be punished by the court for contempt if the person willfully disobeys the order of a final decree. *See* Iowa Code § 598.23 (2017). Here, Nicole alleged Adam disobeyed the child support provision of the dissolution decree. The first step in the court's contempt analysis required the court to consider whether Adam failed to comply with the decree by failing to pay the ordered support. *See Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007) (noting first the petitioning party must show the contemnor violated the decree). When completing this necessary inquiry, the court found Adam satisfied the required child support by using his monthly disability payments. Similarly, the court's finding that Adam overpaid support was part of the court's second step in its contempt analysis, noting even had Adam technically failed to comply with the decree's methodology of payment

his overpayment of support negated a finding of willful noncompliance. *Cf. Amro v. Iowa Dist. Ct.*, 429 N.W.2d 135, 140 (Iowa 1988). These two findings were necessary to Nicole's own contempt claim regarding child support. We will not require the district court to turn a blind eye to these findings when fashioning a child support award.

Moreover, we do not quarrel with the decision of the district court to credit Adam's overpayment of support when reaching an equitable resolution regarding child support. *See In re Marriage of Walters*, 575 N.W.2d 739, 741 (Iowa 1998) ("We recognize that the district court has 'reasonable discretion in determining whether modification [of child support] is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity.'" (quoting *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983))). Here the district court fashioned a child support award that was equitable to both parties by increasing Adam's child support obligation and crediting his monthly obligation by fifty dollars per month until his existing payment surplus is paid. This resolution provides Nicole with more support, even after factoring in Adam's monthly overpayment credit, and recognizes Adam's efforts to provide for his children.[2]

### C. Trial Attorney Fees

Finally, Nicole claims the district court erred denying her request for attorney fees. Iowa Code section 598.36 provides the district court with discretionary authority to award attorney fees in a modification action "to the

---

[2] Nicole also argues the record did not contain sufficient information for the court to fashion a modified support award. However, we note the court's modified award was similar to the proposed award from Nicole's child support guidelines worksheet, and we find the record minimally sufficient to modify child support.

prevailing party in an amount deemed reasonable by the court." When considering the outcome of the proceedings below and the parties' relative ability to pay, we conclude the district court did not abuse its discretion in denying Nicole's request for attorney fees. *See In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013).

**IV. Conclusion**

Nicole was provided sufficient notice that the visitation and child support provisions of the decree were subject to modification in this action. Furthermore, there was a sufficient change in circumstance warranting modification of the visitation provision and establishing a set parenting-time schedule for Adam is in the children's best interests. The district court's resolution and modification of child support was equitable. Finally, we find the district court did not abuse its discretion in denying Nicole's request for attorney fees.

**AFFIRMED.**