Matter of Baker v Mackey (2021 NY Slip Op 04453)





Matter of Baker v Mackey


2021 NY Slip Op 04453


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


522 CAF 19-02339

[*1]IN THE MATTER OF TORY ANNE BAKER, PETITIONER-APPELLANT,
v
SHAUN WILLIAM MACKEY, RESPONDENT-RESPONDENT.

IN THE MATTER OF SHAUN WILLIAM MACKEY, PETITIONER-RESPONDENT,
v
TORY ANNE BAKER, RESPONDENT-APPELLANT. 






JOHN J. RASPANTE, UTICA, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT. 
STEPHANIE N. DAVIS, OSWEGO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered December 13, 2019 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted the violation petition of respondent-petitioner Shaun William Mackey and adjudged that respondent-petitioner have sole legal custody and primary physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 6, petitioner-respondent mother filed separate petitions alleging a violation of a prior order of custody and visitation and seeking modification of that order by awarding her primary residential custody of the parties' child. Respondent-petitioner father filed separate petitions alleging a violation of the prior order and seeking modification of that order by, among other things, awarding him sole legal custody. The mother appeals from an order that, inter alia, granted the father's violation petition and his modification petition insofar as it sought sole legal custody and that dismissed the mother's petitions. We affirm.
Initially, we note that the mother is not aggrieved by that part of the order in which Family Court concluded that she established a change in circumstances sufficient to warrant an examination of the best interests of the child, and thus her contentions with respect thereto are not properly before us (see Matter of Menard v Roberts, 194 AD3d 1427, 1428 [4th Dept 2021]; see generally CPLR 5511; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]).
We reject the mother's further contention that the court erred in granting the father's modification petition insofar as it sought sole legal custody of the child and in dismissing her modification petition. It is well settled that "a court's determination regarding custody . . . issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011] [internal quotation marks omitted]), and such a determination " 'will not be disturbed [where, as here,] it is supported by a sound and substantial basis in the record' " (Matter of Ladd v Krupp, 136 AD3d 1391, 1393 [4th Dept 2016]; see Williams v Williams, 100 AD3d 1347, 1348 [4th [*2]Dept 2012]).
Finally, we reject the mother's contention that the court erred in dismissing her violation petition. To the contrary, we conclude that "the court properly determined that [the mother] failed to establish by clear and convincing evidence that the [father] willfully violated the terms of the custody order with respect to . . . visitation" (Matter of Unczur v Welch, 159 AD3d 1405, 1405 [4th Dept 2018], lv denied 31 NY3d 909 [2018]; see Matter of Santoro v Guggi, 191 AD3d 1249, 1251 [4th Dept 2021], lv denied 37 NY3d 902 [2021]; cf. Matter of Moreno v Elliott, 155 AD3d 1561, 1562 [4th Dept 2017], lv dismissed in part and denied in part 30 NY3d 1098 [2018]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court