Matter of Zwiefach v Heitzmann (2025 NY Slip Op 05380)

Matter of Zwiefach v Heitzmann

2025 NY Slip Op 05380

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

668 CAF 24-00131

[*1]IN THE MATTER OF JAMAR T. ZWIEFACH, PETITIONER-APPELLANT,
v
DEBORAH HEITZMANN, RESPONDENT-RESPONDENT. 

STEPHANIE R. DIGIORGIO, UTICA, FOR PETITIONER-APPELLANT.
KATHRYN M. FESTINE, UTICA, FOR RESPONDENT-RESPONDENT.
A.J. BOSMAN, BLOSSVALE, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered November 24, 2023, in proceedings pursuant to Family Court Act articles 4 and 6. The order, inter alia, modified the parenting time of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father commenced these proceedings pursuant to Family Court Act articles 4 and 6 seeking downward modification of his child support obligations and alleging that respondent, who is the maternal grandmother and sole custodian of the subject children, violated the parties' prior order of custody and visitation by interfering with his visitation rights. The father now appeals from an order that, inter alia, dismissed the frustrated visitation defense that he raised in his downward modification petition, denied his violation petition, and modified the visitation provisions of the parties' prior order of custody and visitation. We affirm.
The father contends that Family Court erred in modifying the visitation provisions of the prior order because neither petition sought that relief. We reject that contention. The court may modify a prior order of custody or visitation "[e]ven without an application for [that relief]" so long as the parties were " 'adequately apprised prior to the hearing that custody was at issue, and . . . had sufficient opportunity to present any testimony and evidence relevant to the issue' " (Matter of Warren v Miller, 132 AD3d 1352, 1353 [4th Dept 2015]; see Matter of Heintz v Heintz, 28 AD3d 1154, 1155 [4th Dept 2006]). "Once [the court] determine[s] that [the prior order is] not feasible, it [becomes] incumbent upon [the court] to determine a[n] . . . arrangement based upon the best interests of the [children] despite the absence of a petition definitively seeking [that relief]" (Warren, 132 AD3d at 1353 [internal quotation marks omitted]; see generally CPLR 3017 [a]). Here, although neither of the father's petitions expressly sought modification of the prior visitation schedule, the father expressly requested, both before and at the hearing on those petitions, that the court modify the prior visitation schedule inasmuch as it was unworkable due to, among other things, his employment schedule. Indeed, the hearing and the father's testimony focused on the practicality of the prior visitation schedule, the quality of the father's recent visits with the children, the reason for the father's failure to exercise visitation pursuant to the prior order, and how future visits might be conducted. We therefore conclude that the father himself "demonstrated his understanding of the court's intent to determine the issue of [visitation] by . . . presenting testimony . . . in support of his request therefor and . . . specifically requesting" that the existing schedule be modified, permitting the court to reach the issue absent a specific request in the father's petitions (Warren, 132 AD3d at 1353-1354).
Contrary to the father's further contention, the court did not err in dismissing his violation petition or in denying that part of his modification petition seeking a reduction of child support [*2]payments based on respondent's alleged frustration of his visitation with the children. Both petitions alleged that respondent interfered with the father's ability to exercise visitation. With respect to the issue of child support, a noncustodial parent may seek the suspension of that parent's child support obligation on the ground that the custodial party "has unjustifiably frustrated the noncustodial parent's right of reasonable access" (Matter of Colicci v Ruhm, 20 AD3d 891, 892 [4th Dept 2005] [internal quotation marks omitted]). The noncustodial parent must establish "deliberate frustration" or "active interference" by the custodial party (Ledgin v Ledgin, 36 AD3d 669, 670 [2d Dept 2007] [internal quotation marks omitted]). The father failed to make that showing; indeed, the record reflects that his failure to fully exercise his visitation was due to his own conduct, not that of respondent (see Matter of Curley v Klausen, 110 AD3d 1156, 1157 [3d Dept 2013]; cf. Colicci, 20 AD3d at 892; see generally Matter of Lew v Lew, 214 AD3d 732, 734 [2d Dept 2023]). For the same reasons, we conclude that the father "failed to establish by clear and convincing evidence that [respondent] willfully violated the terms of the custody order with respect to . . . visitation" (Matter of Baker v Mackey, 196 AD3d 1161, 1162 [4th Dept 2021] [internal quotation marks omitted]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court