Matter of Muriel v Muriel (2020 NY Slip Op 00776)





Matter of Muriel v Muriel


2020 NY Slip Op 00776


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1269 CAF 18-00624

[*1]IN THE MATTER OF JUAN LORENZO MURIEL, PETITIONER-RESPONDENT-RESPONDENT,
v
MEGHAN O'NEILL MURIEL, RESPONDENT-PETITIONER-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT. 
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT.
MICHAEL J. KERWIN, MANLIUS, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered March 26, 2018 in a proceeding pursuant to Family Court Act article 6. The order granted petitioner-respondent sole legal and primary physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner mother appeals from an order that modified a prior custody and visitation order by, inter alia, awarding sole legal and primary physical custody of the subject children to petitioner-respondent father, with supervised visitation to the mother. We conclude that the mother waived her contention that the father failed to establish the requisite change in circumstances warranting an inquiry into the best interests of the children inasmuch as she alleged in her cross petition that there had been such a change in circumstances (see Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]). In any event, we reject that contention because the record establishes that the mother engaged in conduct designed to alienate the children from the father (see Matter of Williams v Rolf, 144 AD3d 1409, 1411 [3d Dept 2016]; Matter of Fox v Fox, 93 AD3d 1224, 1225 [4th Dept 2012]).
Contrary to the mother's further contention, Family Court did not abuse its discretion in awarding the father sole legal and primary physical custody of the children. "Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Krug v Krug, 55 AD3d 1373, 1374 [4th Dept 2008] [internal quotation marks omitted]; see Matter of Dubuque v Bremiller, 79 AD3d 1743, 1744 [4th Dept 2010]). Here, we see "no basis to disturb the court's determination inasmuch as it was based on the court's credibility assessments of the witnesses and is supported by a sound and substantial basis in the record' " (Krug, 55 AD3d at 1374; see Dubuque, 79 AD3d at 1744).
The mother's contention that the Attorney for the Children (AFC) was ineffective for advocating a position that was contrary to the children's wishes is not preserved for our review because the mother failed to make a motion seeking the AFC's removal (see Matter of Mason v Mason, 103 AD3d 1207, 1208 [4th Dept 2013]). In any event, the mother's contention lacks merit. In general, an attorney for the child "must zealously advocate the child's position . . . and, if the child is capable of knowing, voluntary and considered judgment, must follow the child's wishes even if the attorney for the child believes that what the child wants is not in the child's [*2]best interests" (Matter of Swinson v Dobson, 101 AD3d 1686, 1687 [4th Dept 2012], lv denied 20 NY3d 862 [2013] [internal quotation marks omitted]). Nevertheless, an attorney for the child is authorized to substitute his or her own judgment for that of the child where the attorney "is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [3]; see Swinson, 101 AD3d at 1687; see generally Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1147-1148 [4th Dept 2016]). Here, the AFC fulfilled his obligation to inform the court that the subject children had expressed their wishes to live with their mother, notwithstanding his position that they should be placed in the father's custody (see 22 NYCRR 7.2 [d] [3]). Additionally, the record supports a finding that the children "lack[ed] the capacity for knowing, voluntary and considered judgment" (id.; see Matter of Rosso v Gerouw-Rosso, 79 AD3d 1726, 1728 [4th Dept 2010]) and that following the children's wishes would have placed them at a substantial risk of imminent and serious harm (see Matter of Isobella A. [Anna W.], 136 AD3d 1317, 1320 [4th Dept 2016]).
The mother further contends that the court erred in declining to conduct a Lincoln hearing. Inasmuch as the AFC expressed the children's wishes to the court (see Matter of Montalbano v Babcock, 155 AD3d 1636, 1637 [4th Dept 2017], lv denied 31 NY3d 912 [2018]), the children were both of young age (see Matter of Olufsen v Plummer, 105 AD3d 1418, 1419 [4th Dept 2013]), and there are indications in the record that they were being coached on what to say to the court (see Matter of Sloma v Sloma, 148 AD3d 1679, 1680 [4th Dept 2017]), we perceive no abuse of discretion in the court's denial of the mother's request for a Lincoln hearing (see Matter of Charles M.O. v Heather S.O., 52 AD3d 1279, 1280 [4th Dept 2008]; cf. Matter of Noble v Brown, 137 AD3d 1714, 1714-1715 [4th Dept 2016]; see generally Matter of Yeager v Yeager, 110 AD3d 1207, 1209 [3d Dept 2013]).
Finally, we reject the mother's contention that the court erred in directing that her visitation with the children be supervised. "Courts have broad discretion in determining whether visits should be supervised" (Matter of Campbell v January, 114 AD3d 1176, 1177 [4th Dept 2014], lv denied 23 NY3d 902 [2014]; see Matter of Vieira v Huff, 83 AD3d 1520, 1521 [4th Dept 2011]), and that determination will not be disturbed where, as here, there is a sound and substantial basis in the record to support it (see Matter of Chilbert v Soler, 77 AD3d 1405, 1406 [4th Dept 2010], lv denied 16 NY3d 701 [2011]).
All concur except Bannister, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully disagree with the majority's conclusion that the Family Court Referee did not abuse his discretion in denying the request of respondent-petitioner mother for a Lincoln hearing. I therefore dissent and would reverse the order and remit the matter to Family Court for further proceedings and a new determination on petitioner-respondent father's amended petition and the mother's cross petition (see Matter of Noble v Brown, 137 AD3d 1714, 1715 [4th Dept 2016]).
While the decision whether to conduct a Lincoln hearing is discretionary, it is " often the preferable course' " to conduct one (id.; see Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [3d Dept 2013]). Indeed, a child's preference, although not determinative, is an "important" factor that provides the court, while considering the potential for influence and the child's age and maturity, "some indication of what is in the child's best interests" (Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). In addition, the in camera testimony of a child may " on the whole benefit the child by obtaining for the [court] significant pieces of information [it] needs to make the soundest possible decision' " (Matter of Walters v Francisco, 63 AD3d 1610, 1611 [4th Dept 2009], quoting Matter of Lincoln v Lincoln, 24 NY2d 270, 272 [1969]).
In this case, the children were 10 and 7 years old, respectively, at the time of the proceeding, ages at which a child's "wishes [are] not necessarily entitled to the great weight' we accord to the preferences of older adolescents . . . [but are], at minimum, entitled to consideration' " (Matter of Rivera v LaSalle, 84 AD3d 1436, 1439 [3d Dept 2011]). Most importantly, the Attorney for the Children (AFC) substituted his judgment for that of the children and advocated that custody be transferred from the mother to the father, despite the fact that the children had been in the mother's custody since birth and the fact that the father admitted to having committed an act of domestic violence against the mother. While the AFC did inform the court of the children's expressed wishes to live with the mother, in my view, the court should [*3]have conducted a Lincoln hearing to consider those wishes and the reasons for them. Inasmuch as the position of the children differed from that of the AFC, it is quite possible that in camera interviews of the children would provide the court with significant information relevant to the court's determination of the best interests of the children.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court