Matter of Verne v Hamilton (2021 NY Slip Op 00948)





Matter of Verne v Hamilton


2021 NY Slip Op 00948


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


172 CAF 20-00076

[*1]IN THE MATTER OF JENNIE M. VERNE, PETITIONER-RESPONDENT,
v
ADAM J. HAMILTON, RESPONDENT-APPELLANT. 






ANTHONY F. BRIGANO, UTICA, FOR RESPONDENT-APPELLANT.
KIMBERLY A. WOOD, WATERTOWN, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Jefferson County (Donald J. VanStry, R.), entered November 7, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded primary physical residence of the subject children to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order that, inter alia, modified a prior custody and parenting time order by awarding petitioner mother primary physical residence of the subject children and reducing the father's parenting time. As an initial matter, the father "waived [his] contention that the [mother] failed to establish a change in circumstances warranting an inquiry into the best interests of the children inasmuch as the [father] alleged in [his] own cross petition that there had been such a change in circumstances" (Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]; see Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]).
Contrary to the father's further contention, we conclude that Family Court did not err in modifying the prior order of custody and parenting time. "Generally a court's determination regarding custody and visitation issues, based on its first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Warren v Miller, 132 AD3d 1352, 1354 [4th Dept 2015] [internal quotation marks omitted]), and here the record establishes that the court's determination resulted from a "careful weighing of [the] appropriate factors . . . , and . . . has a sound and substantial basis in the record" (Biernbaum, 162 AD3d at 1665 [internal quotation marks omitted]). Specifically, the record of the hearing establishes that the prior custody and parenting time order was no longer practical upon one of the children attaining school age, and that it is in the children's best interests to enroll them in the school district in which the mother lived and to provide father with reduced parenting time during the school year and increased parenting time when school was not in session (see generally Matter of Austin v Smith, 144 AD3d 1467, 1468 [3d Dept 2016]; Matter of Pecore v Blodgett, 111 AD3d 1405, 1406 [4th Dept 2013], lv denied 22 NY3d 864 [2014]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court