Matter of Paratore v Paratore (2022 NY Slip Op 00793)





Matter of Paratore v Paratore


2022 NY Slip Op 00793


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1132 CAF 20-01613

[*1]IN THE MATTER OF TEELA PARATORE, PETITIONER-APPELLANT,
v
MICHAEL PARATORE, MARLENE FOLEY AND WALTER FOLEY, RESPONDENTS-RESPONDENTS. 






KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR PETITIONER-APPELLANT. 
SCOTT T. GODKIN, WHITESBORO, FOR RESPONDENT-RESPONDENT MICHAEL PARATORE.
STEPHANIE R. DIGIORGIO, UTICA, FOR RESPONDENT-RESPONDENT MARLENE FOLEY. 
DIANE MARTIN-GRANDE, ROME, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered November 19, 2020 in a proceeding pursuant to Family Court Act article 6. The order, among other things, determined a visitation schedule for petitioner to visit with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner mother appeals from an order that, inter alia, modified a prior order of custody and visitation, entered on consent of the parties, by setting a specific schedule for the mother's parenting time.
Contrary to the mother's sole contention on appeal, we conclude that Family Court's determination regarding her parenting time was supported by a sound and substantial basis in the record (see generally Matter of Verne v Hamilton, 191 AD3d 1433, 1434 [4th Dept 2021]; Matter of Allen v Boswell, 149 AD3d 1528, 1529 [4th Dept 2017], lv denied 30 NY3d 902 [2017]). Although the mother contends that the parenting time schedule set by the court was too restrictive, the record establishes that the court's determination resulted from a "careful weighing of [the] appropriate factors" as applied to the circumstances of this case (Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018] [internal quotation marks omitted]), and the court explicitly provided that the mother's consistent exercise of the established parenting time would constitute a change in circumstances allowing her to seek modification of the order in the near future.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court