Matter of K.F. v T.E. (2025 NY Slip Op 06764)

Matter of K.F. v T.E.

2025 NY Slip Op 06764

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-23-1903
[*1]In the Matter of K.F., Respondent,
v
T.E., Appellant. Attorney for the Child, Appellant. (And Another Related Proceeding.)

Calendar Date:October 9, 2025

Before:Garry, P.J., Clark, Aarons, Lynch and Powers, JJ.

Alderman and Alderman PLLC, Syracuse (Richard B. Alderman of counsel), for T.E., appellant.
Michelle I. Rosien, Philmont, attorney for the child, appellant.
Bousquet Holstein PLLC, Syracuse (Ryan S. Suser of counsel), for respondent.

Lynch, J.
Appeals from an order of the Family Court of Tompkins County (Scott Miller, J.) entered September 14, 2023, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2009). In June 2021, the mother filed a petition seeking sole legal and physical custody of the child, as well as an order of protection, alleging that the father had been physically and mentally abusive against both the mother and the child for years. She also filed a corresponding family offense petition. After initially suspending the father's parenting time, the Court ordered supervised parenting time in September 2021, which eventually became unsupervised in April 2022 as the proceeding progressed. Following a 12-day fact-finding hearing, spanning from February 2023 to June 2023, as well as three Lincoln hearings, the court granted the mother sole legal and primary physical custody of the child. The father was granted increased parenting time which has evolved into one week every third week. The court further granted the mother's family offense petition, finding that the father committed six acts of harassment in the second degree, at least five acts of criminal mischief in the fourth degree, menacing in the second degree and two instances of attempted assault in the third degree. The father and the attorney for the child (hereinafter AFC)[FN1] both appeal.
We affirm. To begin, it is telling that no challenge has been made to Family Court's order granting the family offense petition, for the record strongly supports the court's observation that the father's domineering behavior imposed a "reign of terror" over the family in the years leading up to the petition. When, as here, the court is making an initial custody determination, the paramount consideration is the best interests of the child (see Matter of Britney A. v Jonathan A., 238 AD3d 1447, 1448 [3d Dept 2025]; Matter of Brenna EE. v Andrew DD., 214 AD3d 1039, 1040 [3d Dept 2023]). Certainly, the impact of domestic violence upon a child is among the important factors a court must consider in reaching a custody determination (see Matter of Frankie CC. v Rachel CC., 225 AD3d 1112, 1114 [3d Dept 2024]; Domestic Relations Law § 240 [1]). Also, pertinent here, "although not determinative, the expressed wishes of the child are some indication of what is in his or her best interests, considering his or her age, maturity and potential to be influenced" (Matter of Chad KK. v Jennifer LL., 219 AD3d 1581, 1584 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]).
Both the father and the appellate AFC contend that the child was deprived of effective representation in that the trial AFC failed to promote the child's wishes that the father be awarded either joint or sole custody. We disagree. An AFC is required [*2]to "zealously advocate the child's position. . . . If the child is capable of knowing, voluntary and considered judgment, the attorney for the child should be directed by the wishes of the child" (22 NYCRR 7.2 [d] [2]). On the other hand, "[w]hen the [AFC] is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child, the [AFC] would be justified in advocating a position that is contrary to the child's wishes. In these circumstances, the [AFC] must inform the court of the child's articulated wishes if the child wants the attorney to do so, notwithstanding the attorney's position" (22 NYCRR 7.2 [d] [3]). Based on our review of the record, we conclude that the trial AFC provided effective representation while fulfilling her obligation as counsel for the child.
The difficulty presented for both counsel and the court in this matter is defining the proper balance between the child's strong bond with the father, and the harm caused to the child by the father's domineering behavior. The child's therapist testified about the unhealthy enmeshment between the father and child, causing the child to mimic the father's aggressive behavior against the mother and engage in disruptive behavior outside the home. At the same time, the father has continuously engaged in weekly therapy since the commencement of the proceeding in an effort to constructively address his behavioral issues.
Under these difficult circumstances, the record shows that the trial AFC acted appropriately. At the outset of the fact-finding hearing on February 14, 2023, the trial AFC stated that the child wanted his parents to equally share parenting time. In her closing statement, the trial AFC noted that the child "has a very close relationship with the [f]ather and has a very strained relationship with [the m]other." She further asserted that "[t]he child's wish to have a substantial relationship with both his parents is a critical point for the court to recognize." At the same time, the trial AFC fairly observed that the relationship between the parents "can be fairly described as toxic." She also raised viable concerns about the disruptive behavior of the father during the proceedings. As a consequence, the trial AFC opted to partially substitute her judgment for the child's by recommending an award of legal custody to the mother, with "substantial parenting time to both parents." In our view, Family Court prudently adopted this balanced recommendation (see Matter of Muriel v Muriel, 179 AD3d 1529, 1530 [4th Dept 2020], lv denied 35 NY3d 908 [2020]; Matter of Cunningham v Talbot, 152 AD3d 886, 886-887 [3d Dept 2017]). Additionally, given the history of this case, the court also acted well within its discretion by authorizing the mother to limit communication between the father and child when the child is with the mother and to determine [*3]whether the child may travel internationally with the father. Accordingly, we find that Family Court's determination is supported by a sound and substantial basis in the record.
We further find no error in Family Court's denial of the child's motion for new counsel. During the seventh day of testimony in the fact-finding hearing, on June 1, 2023, the child asked the court to replace the trial AFC with another AFC representing him in a separate Family Court proceeding. It is worth noting that the child's application accurately mirrored the rules of advocacy set forth in 7 NYCRR 7.2 and referenced relevant case law. It is difficult to discern how a 14-year-old child could be so legally astute without assistance. In any event, the trial AFC appropriately responded by reviewing her advocacy efforts on behalf of the child over the previous two years, emphasizing that she "[did] not wish to cast any doubt about [the child's] credibility." Noting that the father's parenting time was increased during the course of the proceedings due to the efforts of the trial AFC, her otherwise zealous advocacy, and the timing of the application, the court prudently denied the motion (see Matter of Muriel v Muriel, 179 AD3d at 1530; Matter of Viscuso v Viscuso, 129 AD3d 1679, 1680-1681 [4th Dept 2015]). Finally, the father did not preserve his argument that the court erred in denying his request for access to the notes of the child's therapist (see Matter of Sheena PP. v Edward QQ., 238 AD3d 1417, 1420 [3d Dept 2025]). At a hearing on October 27, 2022, the court determined that the therapist's testimony would be limited to any diagnosis and treatment recommendations, while precluding any testimony about statements made by the child. When asked if there were any objection, the father's counsel responded "[i]t's not an objection," while indicating it may be necessary to look at the records depending on the therapist's testimony. No further request was forthcoming. In view of the foregoing, we find no reason to disturb Family Court's determination.
Garry, P.J., Clark, Aarons and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: A new AFC was assigned to represent the child on the appeal.