Matter of Hernandez v McGowan (2026 NY Slip Op 00741)

Matter of Hernandez v McGowan

2026 NY Slip Op 00741

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

977 CAF 24-01642

[*1]IN THE MATTER OF BRENDA L. HERNANDEZ, PETITIONER-RESPONDENT-APPELLANT,
vJASON P. MCGOWAN, RESPONDENT-PETITIONER-RESPONDENT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SABRINA A. BREMER OF COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT.
ALISON BATES, VICTOR, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Nicole E. Bayly, R.), entered September 20, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, continued joint legal custody with respect to the subject child and modified the prior custody order by granting respondent-petitioner primary physical residency of the child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 6 proceeding, petitioner-respondent mother appeals from an order that, inter alia, modified the parties' prior order of custody to provide that respondent-petitioner father have primary physical residency of the subject child for educational purposes and have residency of the child on school nights during the school year. We affirm.
Preliminarily, we note that the parties do not dispute that there has been a change in circumstances sufficient to warrant an inquiry into whether a modification of the prior custody order is in the child's best interests (see generally Matter of Cooley v Roloson, 201 AD3d 1299, 1299-1300 [4th Dept 2022]), inasmuch as they filed competing petitions alleging such a change in circumstances (see Matter of Muriel v Muriel, 179 AD3d 1529, 1529 [4th Dept 2020]; Matter of Nordee v Nordee, 170 AD3d 1636, 1636-1637 [4th Dept 2019], lv denied 33 NY3d 909 [2019]).
"Generally a court's determination regarding custody and visitation issues, based on its first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Warren v Miller, 132 AD3d 1352, 1354 [4th Dept 2015] [internal quotation marks omitted]). Here, the mother repeatedly failed to ensure that the child arrived at school on time, despite the fact that, at the time, the mother did not work in the mornings on many of the days that the child was late. We conclude that there is a sound and substantial basis in the record to support Family Court's determination that it is in the child's best interests to modify the custody arrangement so that the child could remain "in the school district in which the [father] lived and to provide [the mother] with reduced parenting time during the school year and increased parenting time when school was not in session" (Matter of Verne v Hamilton, 191 AD3d 1433, 1434 [4th Dept 2021]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court