Matter of Brenda L. M. v James R. K.
2026 NY Slip Op 04112
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF BRENDA L. M., PETITIONER-RESPONDENT-APPELLANT,
v
JAMES R. K., RESPONDENT-PETITIONER-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
535 CAF 25-00769
Present: Whalen, P.J., Curran, Ogden, Greenwood, And Hannah, JJ.

PETER J. DIGIORGIO, JR., UTICA, FOR PETITIONER-RESPONDENT-APPELLANT.
TODD D. BENNETT, HERKIMER, FOR RESPONDENT-PETITIONER-RESPONDENT.
WALTER BURKARD, MANLIUS, ATTORNEY FOR THE CHILDREN.

Appeal from an order of the Family Court, Herkimer County (Thaddeus J. Luke, J.), entered December 6, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, continued primary physical custody of the subject children with respondent-petitioner.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 6 proceeding, petitioner-respondent mother appeals from an order that, among other things, continued primary physical custody of the subject children with respondent-petitioner father. We affirm.
We conclude that Family Court did not abuse its discretion in continuing the father's primary physical custody of the children, and denying the mother's petitions seeking primary physical custody. Preliminarily, we note that the parties do not dispute that there has been a change in circumstances sufficient to warrant an inquiry into whether a modification of the prior custody order is in the children's best interests (see generally Matter of Cooley v Roloson, 201 AD3d 1299, 1299-1300 [4th Dept 2022]), inasmuch as they filed competing petitions alleging such a change in circumstances (see Matter of Muriel v Muriel, 179 AD3d 1529, 1529 [4th Dept 2020], lv denied 35 NY3d 908 [2020]; Matter of Nordee v Nordee, 170 AD3d 1636, 1636-1637 [4th Dept 2019], lv denied 33 NY3d 909 [2019]).
"Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Krug v Krug, 55 AD3d 1373, 1374 [4th Dept 2008] [internal quotation marks omitted]; see Matter of Hernandez v McGowan, 246 AD3d 1482, 1483 [4th Dept 2026]; Matter of Dubuque v Bremiller, 79 AD3d 1743, 1744 [4th Dept 2010]). We see "no basis to disturb the court's determination inasmuch as it was based on the court's credibility assessments of the witnesses and 'is supported by a sound and substantial basis in the record' " (Krug, 55 AD3d at 1374; see Hernandez, 246 AD3d at 1483; Dubuque, 79 AD3d at 1744). To the contrary, after reviewing the appropriate factors (see generally Fox v Fox, 177 AD2d 209, 210-211 [4th Dept 1992]), we conclude that the totality of the circumstances supports the court's determination that it is in the best interests of the children to continue primary physical residence with the father (see Eschbach v Eschbach, 56 NY2d 167, 174 [1982]; Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]).
Specifically, we note that the evidence in the record established, among other things, that the father provided a safer home environment for the children than the mother, particularly in [*2]light of the multiple recent injuries that the children sustained when they were at the mother's home. For example, the evidence at the hearing established a recent incident where one of the subject children, who was unsupervised at the time, was bitten (for the second time) by one of the mother's dogs after that child hit the dog with a baseball bat. In a similar vein, the evidence adduced at the hearing also raised concerns about whether the mother would allow the subject children's half-brother—who had allegedly sexually abused the subject children—near the subject children again. Evidence of those incidents supports the court's conclusion that, if the children were to reside with her, the mother could not adequately protect and supervise them.
The mother's contention that the court erred in not appointing a separate attorney for the child for one of the subject children is unpreserved for our review inasmuch as she did not request that relief at the fact-finding hearing and raises that contention for the first time on appeal (see generally Matter of Angelina M. [Marilyn O.], 224 AD3d 1223, 1224 [4th Dept 2024], lv denied 41 NY3d 909 [2024]; Muriel, 179 AD3d at 1530; Matter of Mason v Mason, 103 AD3d 1207, 1208 [4th Dept 2013]), and we decline to exercise our power to review the mother's contention in the interest of justice.
The mother also contends that the court erred in admitting in evidence certain child protective services (CPS) notes containing allegedly hearsay statements by the children that were not included as part of a prehearing stipulation agreed to by both parties. Initially, we note that "[t]here is no indication that the court considered, credited, or relied upon [CPS notes that were outside of the stipulation] in reaching its determination" (Matter of Adorno v Vaillant, 177 AD3d 1275, 1276 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Merle C.C., 222 AD2d 1061, 1062 [4th Dept 1995], lv denied 88 NY2d 802 [1996]). The parties stipulated to the introduction in evidence of CPS notes made after April 27, 2023, and here the court's decision referred only to notes made after that time. Although the mother focuses on the fact that the court may have admitted in evidence, at the fact-finding hearing, CPS notes from February 2023, there is no evidence that the court relied on those notes in rendering its decision.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court