Matter of Billett v Gordon
2026 NY Slip Op 04096
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF JEREMY P. BILLETT, PETITIONER-RESPONDENT-RESPONDENT,
v
SHARRON C. GORDON, RESPONDENT-PETITIONER-APPELLANT. ------------------------------------------------------ GARY MULDOON, ESQ., ATTORNEY FOR THE CHILD, APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
451 CAF 25-00389
Present: Curran, J.P., Bannister, Montour, Greenwood, And Hannah, JJ.

TYSON BLUE, MACEDON, FOR RESPONDENT-PETITIONER-APPELLANT.
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.

Appeals from an order of the Family Court, Wayne County (John L. Grow, J.), entered January 31, 2025, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner-respondent primary physical residence of the subject child.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner mother and the Attorney for the Child (AFC) each appeal from an order that, inter alia, modified the parties' prior order of custody and visitation by awarding primary physical residence of the subject child to petitioner-respondent father. We affirm.
Preliminarily, we note that the mother and the AFC do not dispute that there has been a change in circumstances sufficient to warrant an inquiry into whether a modification of the prior order is in the child's best interests (see generally Matter of Cooley v Roloson, 201 AD3d 1299, 1299-1300 [4th Dept 2022]; Matter of Muriel v Muriel, 179 AD3d 1529, 1529 [4th Dept 2020], lv denied 35 NY3d 908 [2020]; Matter of Nordee v Nordee, 170 AD3d 1636, 1636-1637 [4th Dept 2019], lv denied 33 NY3d 909 [2019]), and thus the issue before us is whether Family Court properly determined that the best interests of the child would be served by a change in primary physical residence (see Matter of Fenton v Smith, 240 AD3d 1242, 1243 [4th Dept 2025]; Matter of Manioci v Schreiber, 210 AD3d 1523, 1523 [4th Dept 2022], lv denied 39 NY3d 907 [2023]).
Contrary to the contentions of the mother and the AFC, we conclude that the court did not err in modifying the prior order. Although the court did not specify the factors it relied on in conducting its best interests analysis (see Matter of Howell v Lovell, 103 AD3d 1229, 1231 [4th Dept 2013]), "[o]ur authority in determinations of custody is as broad as that of Family Court . . . and where, as here, the record is sufficient for this Court to make a best interests determination . . . , we will do so in the interests of judicial economy and the well-being of the child" (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1450 [4th Dept 2007]; see Howell, 103 AD3d at 1231). Among the factors for the court to consider are the "quality of the child's home environment and that of the parent seeking custody; . . . the ability of each parent to provide for the child's emotional and intellectual development; [and] the financial status and ability of each parent to provide for the child" (Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]; see Matter of [*2]Torres v Pfeiffer, 235 AD3d 1261, 1262 [4th Dept 2025]; Matter of Dinoff v Knechtel, 224 AD3d 1288, 1290 [4th Dept 2024]).
Here, after reviewing the appropriate factors, we conclude that the totality of the circumstances supports the determination that it is in the best interests of the child to have primary residence with the father and to be enrolled in the school district in which the father lives (see Matter of Hernandez v McGowan, 246 AD3d 1482, 1483 [4th Dept 2026]; Matter of Verne v Hamilton, 191 AD3d 1433, 1434 [4th Dept 2021]).
We have considered the remaining contentions of the mother and the AFC on their respective appeals and conclude that none warrants modification or reversal of the order.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court